

**U.S. DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

RECEIVED
APR 2 3 2007
NANCY MAYER WHITTINGTON, **CLERK**
U.S. DISTRICT COURT

Valerie Kline
83 E Street
Lothian, MD 20711

                                     *
                                     *
                                     *
                                     *
                        Plaintiff    *
                                     *
              v.                     *    Case No. 1:07-CV-451 (JR)
                                     *
Linda M. Springer, Director          *
U. S. Office of Personnel Management *
1900 E Street, N.W.                  *
Washington, D.C.  20415              *
                        Defendant    *
                                     *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### FIRST AMENDED COMPLAINT

Plaintiff incorporates by reference the original Complaint filed with this Court on March 8, 2007, and all of the claims, allegations and the relief sought contained therein. The Jurisdictional basis is amended and Counts I through XIII of the Complaint are amended as follows:

### ADDITIONAL JURISDICTIONAL BASIS

1.  A cause of action arises in this case under 5 U.S.C. §§ 6120 *et seq.*

### COUNT I

### (Breach of Promise)

2.  OPM, by and through its agent Mr. Davis, promised Plaintiff that if she accepted the position, Plaintiff would be allowed to telecommute 2-3 days per week the same as it allowed certain other employee(s) on its staff to telecommute but breached its promise to Plaintiff by refusing to allow Plaintiff to telecommute as promised.

3. Plaintiff relied on Defendant's promise to her detriment since she would have accepted another position with more potential to her career and more monetary benefit had she known that she would not have been able to telecommute.

4. Plaintiff's reliance on Defendant's promise was reasonable and justifiable since Defendant allowed other members of PMG to telecommute.

5. For all of the reasons described in the Complaint and this First Amended Complaint, Defendant's actions have violated law and the letter and spirit of 5 U.S.C. §§ 6120 *et seq.* whereby "the executive branch must implement flexible work arrangements to create a 'family-friendly' workplace" and where the President of the United States directed "the Director of the Office of Personnel Management ... to take all necessary steps to support and encourage the expanded implementation of flexible work arrangements".

6. Defendant's actions were done with either malice or with reckless indifference to Plaintiff's rights under law.

7. As a result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress and other compensable damages.

## COUNT II

### (Fraudulent Misrepresentation)

8. Defendant, by and through its agent Mr. Davis, fraudulently, willfully and maliciously misrepresented to Plaintiff that she would be able to telecommute in order to induce Plaintiff to work for Defendant but had no intention of allowing Plaintiff to telecommute contrary to the promise made to Plaintiff; by additionally

fraudulently representing to Plaintiff and the Union that she would be able to telecommute after working for Defendant for one year but had no intention of allowing Plaintiff to telecommute contrary to the promise made; and by further fraudulently representing to the Plaintiff and the Union during informal negotiations that Plaintiff would be able to telecommute after completing Performance Standards but had no intention of allowing Plaintiff to telecommute contrary to the promise.

9. Plaintiff's reliance on Defendant's promises in accepting the position with OPM and continuing to work for OPM was justifiable in light of the other employees permitted to telecommute, OPM's stated policy on telecommuting and the President of the United States mandate that OPM "take all necessary steps to support and encourage the expanded implementation of flexible work arrangements" as required by 5 U.S.C. §§ 6120 *et seq.*

10. Defendant's misrepresentation was done with the intention to induce Plaintiff to work for Defendant.

11. Defendant's misrepresentation was material because Plaintiff would not have accepted the position over a position with a higher grade if the opportunity to telecommute had not been offered.

12. Defendant's actions were done with either malice or with reckless indifference to Plaintiff's rights under law.

13. Defendant's actions were done with knowledge of its falsity or reckless disregard as to whether it was true or false.

14. For all of the reasons described in the Complaint and this First Amended Complaint, Defendant's actions have violated law and the letter and spirit of 5 U.S.C. §§ 6120 *et seq.*

15. As a result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress and other compensable damages.

### COUNT III

### (Race Discrimination)

16. OPM, by through its agents Mr. Benedi and Mr. Davis, has discriminated against Plaintiff on the basis of race by allowing Hispanic and Black minority females to telecommute, telecommute without a trial period and/or without initially requiring an executed agreement but by denying Plaintiff to telecommute even after undergoing a 90-day trial period where no *bona fide* problems were encountered during the trial period.

17. The discrimination has impacted a term, condition and/or benefit of plaintiff's employment.

18. For all of the reasons described in the Complaint and this First Amended Complaint, Defendant's actions violated Title VII of the Civil Rights Act of 1964 and the No Fear Act.

19. Defendant's actions were done with either malice or with reckless indifference to Plaintiff's rights under law.

20.  As a result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress and other compensable damages.

## COUNT IV

### (Sexual Harassment Discrimination and Retaliation)

21.  OPM, by and through its agent Mr. Davis, has sexually harassed Plaintiff by intently and deliberately staring at her breasts when issuing her the 2005 Performance Appraisal and giving her a poor performance rating when she deserved a higher rating, which suggested that if she wanted to receive a higher performance rating, she would need to have more than a "professional relationship" with him.

22.  Giving Plaintiff a lesser performance rating than deserved precluded Plaintiff from receiving a monetary bonus that she was entitled to and derogatory remarks on Plaintiff's performance rating has negatively impacted Plaintiff's ability to seek other positions within the Federal Government.

23.  OPM, by and through its agent Mr. Davis, has retaliated against Plaintiff for exercising her rights by creating a hostile work environment to punish her for not having more than a "professional relationship" with him and/or for filing Fair Labor Standards Act (FLSA) grievances against him.

24.  OPM, by and through its agent Mr. Davis, discriminated against Plaintiff by giving her a poor performance rating even though Plaintiff did not commit errors and/or omissions in performing regulatory work and where other employees were given a higher rating even though they did commit errors and/or omissions.

25. The impact of the unwanted sexual harassment, discriminatory and retaliatory treatment has had a negative psychological impact on Plaintiff, negatively affected her morale and hindered her in performing her duties and responsibilities.

26. OPM, by and through its agent Mr. Davis, has abused its power by subjecting Plaintiff to unreasonable conditions, imposing unreasonable performance standards on her and/or by unfairly rating her for not responding to Mr. Davis' innuendos so that he might make her to fail in her job in order to justify eliminating her as an employee.

27. The sexual harassment has impacted a term, condition and/or benefit of her employment.

28. For all of the reasons described in the Complaint and this First Amended Complaint, Defendant's actions violated Title VII of the Civil Rights Act of 1964 and the No Fear Act.

29. Defendant's actions were done with either malice or with reckless indifference to Plaintiff's rights under law.

30. As a result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress and other compensable damages.

## COUNT V

### (Race Discrimination and Retaliation)

31. OPM, by and through its agent Mr. Davis, has discriminated against Plaintiff on the basis of race by willfully and maliciously sending offensive e-mails to Plaintiff's professional working contacts for the purpose of discouraging them from working

with Plaintiff but by not making any objections to the same people visiting minority members in Plaintiff's office.

32. OPM, by and through its agent Mr. Davis, has retaliated against Plaintiff for exercising her rights by willfully and maliciously sending offensive e-mails to Plaintiff's professional working contacts for the purpose discouraging them from working with Plaintiff so that he can justify giving her a poor performance rating under the element pertaining to having highly effective working relationships.

33. The discrimination and retaliation has impacted a term, condition and/or benefit of her employment.

34. For all of the reasons described in the Complaint and this First Amended Complaint, Defendant's actions violated Title VII of the Civil Rights Act of 1964 and the No Fear Act.

35. Defendant's actions were done with either malice or with reckless indifference to Plaintiff's rights under law.

36. As a result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress and other compensable damages.

## COUNT VI

### (Sexual Harassment, Sex Discrimination and Retaliation)

37. OMP, by and through its agent Mr. Davis, sexually harassed Plaintiff by intently and deliberately staring at her breasts while issuing her a Counseling Memorandum for sending an inappropriate e-mail outside the agency to a friend.

38. OPM, by and through its agent Mr. Davis, has discriminated against Plaintiff on the basis of sex by willfully and maliciously issuing to Plaintiff a Counseling Memorandum for sending an inappropriate e-mail outside the agency to a friend but by not issuing a Counseling Memorandum to a white male member of PMG who had originally sent the same inappropriate e-mail to both Plaintiff and to Defendant.

39. OPM, by and through its agent Mr. Davis, has retaliated against Plaintiff for exercising her rights by willfully and maliciously issuing to Plaintiff a Counseling Memorandum for sending an inappropriate e-mail outside the agency to a friend as manifested by the fact he did not issue a Counseling Memorandum to a white male member of PMG who had originally sent the same inappropriate e-mail to both Plaintiff and to Defendant.

40. The sex harassment, discrimination and retaliation have impacted a term, condition and/or benefit of plaintiff's employment.

41. For all of the reasons described in the Complaint and this First Amended Complaint, Defendant's actions violated Title VII of the Civil Rights Act of 1964 and the No Fear Act.

42. Defendant's actions were done with either malice or with reckless indifference to Plaintiff's rights under law.

43. As a result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress and other compensable damages.

## COUNT VII

### (Race and Sex Discrimination and Retaliation)

44. OPM, by and through its agents Mr. Davis and Mr. Benedi, has discriminated against Plaintiff by willfully and maliciously furnishing superior office space to minority and/or male employees with less tenure, less seniority and/or less need for the space but while denying Plaintiff adequate and/or appropriate office space for properly performing regulatory work.

45. OPM, by and through its agents Mr. Davis and Mr. Benedi, has retaliated against Plaintiff for exercising her rights by willfully and maliciously furnishing superior office space to minority and/or male employees with less tenure, less seniority and/or less need for the space while denying Plaintiff adequate and/or appropriate office space for properly performing regulatory work.

46. The discrimination and retaliation have impacted a term, condition and/or benefit of plaintiff's employment.

47. For all of the reasons described in the Complaint and this First Amended Complaint, Defendant's actions violated Title VII of the Civil Rights Act of 1964 and the No Fear Act.

48. Defendant's actions were done with either malice or with reckless indifference to Plaintiff's rights under law.

49. As a result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress and other compensable damages.

## COUNT VIII

### (Race and Sex Discrimination and Retaliation)

50. OPM, by and through its agent Mr. Davis, has discriminated against Plaintiff on the basis of race and sex by willfully and maliciously requiring her to cover the office telephones on approximately February 2, 2006, even though she was working on a high priority matter under a strict deadline but failed to require minority and/or male employees to relieve Plaintiff from covering the telephones.

51. OPM, by and through its agent Mr. Davis, has retaliated against Plaintiff for exercising her rights by willfully and maliciously requiring her to cover the office telephones on approximately February 2, 2006, even though she was working on the Agenda under a strict deadline but failed to required minority and/or male employees to help Plaintiff cover the telephones.

52. The discrimination and retaliation have impacted a term, condition and/or benefit of plaintiff's employment.

53. For all of the reasons described in the Complaint and this First Amended Complaint, Defendant's actions violated Title VII of the Civil Rights Act of 1964 and the No Fear Act.

54. Defendant's actions were done with either malice or with reckless indifference to Plaintiff's rights under law.

55. As a result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress and other compensable damages.

## COUNT IX

### (Race and Sex Discrimination and Retaliation)

56. OPM, by and through its agents Mr. Davis and Mr. Benedi, has discriminated against Plaintiff by willfully and maliciously rescinding her administrative rights to the FRMS without justification; by forbidding her from working with OPM's contractor in the development of a correspondence tracking system for OPM; and assigning the task to minority and/or male employees with less experience in developing tracking systems.

57. OPM, by and through its agents Mr. Davis and Mr. Benedi, has retaliated against Plaintiff for exercising her rights by willfully and maliciously rescinding her administrative rights to the FRMS without good cause; by forbidding her from working with OPM's contractor in the development of a correspondence tracking system for OPM but by assigning the task to minority and/or male employees with less experience in developing tracking systems.

58. The discrimination and retaliation have impacted a term, condition and/or benefit of plaintiff's employment.

59. For all of the reasons described in the Complaint and this First Amended Complaint, Defendant's actions violated Title VII of the Civil Rights Act of 1964 and the No Fear Act.

60. Defendant's actions were done with either malice or with reckless indifference to Plaintiff's rights under law.

61. As a result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress and other compensable damages.

## COUNT X

### (Race and Sex Discrimination and Retaliation)

62. OPM, by and through its agent Mr. Davis and Mr. Benedi, has discriminated against Plaintiff on the basis of sex by willfully and maliciously denying Plaintiffs request to take a lunch break outside the core hour but at the same time allowing minority and/or male employees to take a lunch break outside the core hours; and/or by requiring Plaintiff to take her lunch break at a specific time but not requiring minority and/or male employees to take their lunch break at a specific time.

63. OPM, by and through its agent Mr. Davis and Mr. Benedi, has retaliated against Plaintiff for exercising her rights by willfully and maliciously denying Plaintiffs request to take a lunch break outside the core hour but at the same time allowing other male and/or minority employees to take a lunch break outside the core hours; and/or by requiring Plaintiff to take her lunch break at a specific time but not requiring minority or male employees to take their lunch break at a specific time.

64. The discrimination and retaliation have impacted a term, condition and/or benefit of plaintiff's employment.

65. For all of the reasons described in the Complaint and this First Amended Complaint, Defendant's actions violated Title VII of the Civil Rights Act of 1964 and the No Fear Act.

66. Defendant's actions were done with either malice or with reckless indifference to Plaintiff's rights under law.

67. As a result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress and other compensable damages.

## COUNT XI

### (Race and Sex Discrimination and Retaliation)

68. OPM, by and through its agent Mr. Davis, has discriminated against Plaintiff on the basis of race and sex by willfully and maliciously auditing her "swipe" records yet failing to audit the "swipe" records of other PMG minority and/or male employees.

69. OPM, by and through its agent Mr. Davis, has retaliated against Plaintiff for exercising her rights by willfully and maliciously auditing her "swipe" records for no justifiable reason.

70. The discrimination and retaliation have impacted a term, condition and/or benefit of plaintiff's employment.

71. For all of the reasons described in the Complaint and this First Amended Complaint, Defendant's actions violated Title VII of the Civil Rights Act of 1964 and the No Fear Act.

72. Defendant's actions were done with either malice or with reckless indifference to Plaintiff's rights under law.

73. As a result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress and other compensable damages.

## COUNT XII

### (Sex Discrimination and Retaliation)

74. OPM, by and through its agents Mr. Davis and Mr. Benedi, discriminated against Plaintiff by willfully and maliciously issuing her a Letter of Reprimand for failing to accurately report her time but by not issuing letters of reprimand to male employees who failed to accurately report the time such as Mr. Davis himself who failed to reports Plaintiff's leave by charging her with 4 hours of AL that she had not used.

75. OPM, by and through its agent Mr. Davis, retaliated against Plaintiff for exercising her rights by willfully and maliciously issuing her a Letter of Reprimand for not reporting leave where here she had notified Mr. Coco that she was taking leave who either did not report it and/or authorized that she did not need to take leave.

76. The discrimination and retaliation have impacted a term, condition and/or benefit of plaintiff's employment.

77. For all of the reasons described in the Complaint and this First Amended Complaint, Defendant's actions violated Title VII of the Civil Rights Act of 1964 and the No Fear Act.

78. Defendant's actions were done with either malice or with reckless indifference to Plaintiff's rights under law.

79. As a result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress and other compensable damages.

## COUNT XIII

### (Retaliation)

80. OPM, by and through its agent Mr. Davis, has retaliated against Plaintiff for exercising her rights by willfully and maliciously tampering with and/or causing to be tampered with Plaintiff's earned annual and sick leave and by failing to properly amend the leave for nearly three (3) months that caused Plaintiff to be unable to use her sick leave when needed and requested

81. The retaliation has impacted a term, condition and/or benefit of plaintiff's employment.

82. For all of the reasons described in the Complaint and this First Amended Complaint, Defendant's actions violated Title VII of the Civil Rights Act of 1964 and the No Fear Act.

83. Defendant's actions were done with either malice or with reckless indifference to Plaintiff's rights under law.

84. As a result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, both economic and non-economic losses, emotional distress and other compensable damages.

Wherefore, Plaintiff's Complaint has hereby been amended.

Respectfully submitted,

/s/ Valerie Kline
Valerie Kline, pro se

Certificate of Service

I certify that I sent via regular mail on April 19, 2007, a copy of the First Amended Complaint to:

>Alberto R. Gonzales, Attorney General
>U.S. Department of Justice
>950 Pennsylvania Avenue, NW
>Washington, DC 20530-0001
>
>Clara M. Whittaker
>Assistant U.S. Attorney
>Judiciary Center Building
>555 Fourth Street, NW.
>Washington, D.C. 20530
>
>Robin Richardson, Esq.
>Office of the General Counsel
>U.S. Office of Personnel Management
>1900 E Street, NW.
>Washington, D.C. 20415

>Respectfully submitted,
>
>*/s/ Valerie Kline*
>Valerie Kline
>83 E Street
>Lothian, MD 20711
>(301) 509-2684