UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE KLINE, <br><br> Plaintiff, <br><br> v. <br><br> LINDA M. SPRINGER, Director, <br> U.S. Office of Personnel Management <br><br> Defendant. | Civil Action No. 07-0451 (JR) |

### PARTIES' JOINT LCvR 16.3(c) REPORT

The parties by their undersigned counsel hereby agree and file a joint LCvR 16.3(c) Report as follows:

**1.     Whether Case Is Likely To Be Resolved By Dispositive Motion.**

Plaintiff deems it unlikely that the case will be resolved by dispositive motion. Defendant believes that all or part of the case will be appropriate for dismissal or summary judgment and intends to file a dispositive motion within thirty days of the July 9, 2007, scheduling conference, unless litigation is pursued by plaintiff concerning the extent of her claims before this Court.

**2.     Date for Joinder of Other Parties.**

The parties agree that all appropriate parties are before the Court. However, plaintiff intends to raise with the Court her motion to compel defendant to answer the original complaint at the status conference set for July 9, 2007. In the alternative, plaintiff will seek to amend her present Amended Complaint right away but no later than by the end of July 2007, if necessary. Under these circumstances, the parties do not believe that the factual or legal issues can be narrowed.

3.  **Assignment to Magistrate Judge**

Plaintiff takes no position at this point in time on whether or not this matter should be assigned to a magistrate-judge for all purposes. Defendant believes that this matter may be quickly resolved by this Court on dispositive motions and therefore sees no need for assignment to a magistrate-judge.

4.  **Whether There Is A Realistic Possibility Of Settlement**

Plaintiff is open to discuss settlement of her claims in this case. Defendant believes settlement negotiations may be more productive after a ruling on his dispositive motion.

5.  **Whether The Case Would Benefit From The Court's ADR Procedures**

Plaintiff is willing to participate in mediation, but only after discovery is closed. Defendant may be willing to participate in mediation after a ruling on his dispositive motion.

6.  **Whether The Case Can Be Resolved By Summary Judgment Or Motion To Dismiss**

Plaintiff does not believe that this case will be disposed by summary judgment, at least not at this point in time. Defendant believes that all or part of this case is likely to be disposed of by summary judgment. Defendant proposes that motions for summary judgment be due thirty working (30) days after the July 9, 2007, Scheduling Conference in this case, unless plaintiff pursues litigation to raise the claims in her initial complaint. Defendant would propose that oppositions and replies to dispositive motions be due in accordance with the rules of court.

7.  **Whether To Dispense With Rule 26(a)(1) Initial Disclosures**

The parties agreed that Rule 26(a)(1) initial disclosures should be exchanged ten days after the Court enters a scheduling order.

8.  **Anticipated Timing and Extent of Discovery**

The parties agree that fact discovery should commence after a ruling by the Court on plaintiff's anticipated motion to amend. See No. 2, above. The fact discovery period should be for 120 days.

9. **Expert Witness Reports Pursuant to Rule 26(a)(2)**

Plaintiff has not determined at this time whether Rule 26(a)(2) expert discovery will be pursued, but will make that determination before the completion of fact discovery. Defendant's Rule 26(a)(2) expert discovery will be due forty-five (45) days after the close of fact discovery.

10. **Class Action Procedures**

This is not a class action.

11. **Bifurcation**

Plaintiff believes that this case is amenable to bifurcation. Defendant does not believe this case to be suited to bifurcation.

12. **Pretrial Conference and Trial Date**

The parties propose that a pretrial conference date be set for the period within the 45 days following the close of discovery or after the resolution of dispositive motions.

13. **Trial**

The trial date should be set at the pretrial conference.

14. **Other Matters**

The parties have taken steps to preserve records for discovery purposes.

_/s/ Valerie Kline_
VALERIE KLINE, *pro se*
83 E Street
Lothian, Maryland 20711
301-509-2684

Plaintiff, *pro se*

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, DC #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, #434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, #453540
Assistant United States Attorney
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

Attorneys for Defendant