## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **VALERIE KLINE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case Number:** |
| **v.** | ) | **1:07-CV-451 (JR)** |
| | ) | |
| **LINDA M. SPRINGER, DIRECTOR** | ) | |
| **United States Office of Personnel** | ) | |
| **Management,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT

Defendant Linda M. Springer, Director of the U.S. Office of Personnel Management, through undersigned counsel, answers Plaintiff's Second Amended Complaint as follows:

### FIRST DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim on which relief can be granted.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over Count I, paragraphs 172-179, based on failure to exhaust administrative remedies. The incidents that allegedly gave rise to this allegation occurred on or about December 3, 2003. However, Plaintiff did not seek counseling regarding the claims identified in paragraphs 172-179 until November 17, 2005.

## THIRD DEFENSE

Answering the numbered and unnumbered paragraphs of the complaint, defendant states as follows:

## NATURE OF THE ACTION

1.     Admit.

2-5.    The statements contained in paragraphs 1-5 are not allegations requiring a responsive pleading but are conclusions of law and the Plaintiff's opinions and/or characterization of this action to which no response is required.  However, to the extent that they may contain allegations of fact, they are denied.

## JURISDICTION AND VENUE

6.-8.    The averments contained in paragraphs 2 through 8 are plaintiff's statements concerning jurisdiction, to which no response is required.  To the extent that an answer is necessary, deny.

9.     The averments contained in paragraph 9 are plaintiff's statement of venue, to which no response is required.  To the extent that an answer is necessary, deny.

.     10.     The averment in paragraph 10 is a conclusion of law, to which no response is required.  To the extent that an answer is necessary, deny.

## PARTIES

11.     Defendant admits only that Plaintiff is an employee of OPM and a member of a protected class.  Defendant is without knowledge or information sufficient to admit or deny the information contained in the remainder of this paragraph.

12.     Admits.

13.     Denies.

14.    Denies.

**FACTUAL ALLEGATIONS**

15.    Admits.

16.    Defendant admits only that Plaintiff responded to Vacancy Announcement Number 02-171-CJR and was selected for the position.  Defendant avers that the Vacancy Announcement is the best evidence of its contents.

17.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in paragraph 17.

18.    Admits.

19.    Admits.

20.    Denies.

21.    Admits.

22.    Denies.

23.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24-25.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation asserted in paragraphs 24-25.

26.    Admits.

27.    Admits.

28.    Admits.

29.    Defendant admits only that Mr. Davis denied the request on May 12, 2003, and that the request document and any notationsa thereon are the best evidence of their contents.

3

30.     The statement contained in paragraph 30 is Plaintiff's own characterization of telecommuting at OPM.  To the extent that it is deemed an allegation of fact, it is denied.

31.     Denies.

32.     Denies.

33.     Defendant admits that Mr. Davis met with Plaintiff and a Union representative, but denies the remainder of paragraph 33.

34.     Admits.

35.     Defendant admits only that Mr. Davis denied the request on the ground that "Employee is needed to assist with walk-in customers."  The remaining allegations contained in paragraph 35 are Plaintiff's own characterization of events.  To the extent that they are deemed allegations of fact, they are denied.

36.     Denies

37.     Defendant admits that Plaintiff had this conversation with Mr. Benedi, but denies that Mr. Davis told Plaintiff when she interviewed for the position that she would be able to telecommute.

38.     This paragraph is Plaintiff's characterization of telecommuting to which no response is required.  To the extent that it is deemed an allegation of fact, it is denied.

39.     Denies.

40.     Denies.

41.     Admits.

42.     Denies.  Although formal standards may not have been in place, Plaintiff was given a position description which contained the performance standards and she was

4

aware of what they were. In addition, Defendant was working to formalize the standards.

43. Denies.

44. Denies.

45. Denies.

46. Admits the allegations contained in paragraph 46 to the extent they are consistent with the referenced decision, which is the best evidence of its contents, otherwise denies.

47. Admits.

48. Denies.

49. Admits.

50. Denies.

51. Denies.

52. Admits that Mr. Flom denied Plaintiff's request to continue telecommuting because of recommendations received from Mr. Davis and Mr. Benedi. Denies the remainder of paragraph 52.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of this statement.

54. Admits that the Union met with Mr. Davis to request that he allow Plaintiff to telecommute so that she could better care for her mother. Deny that Ms. Carter was allowed to telecommute when her husband became ill.

55. Denies.

56. Admits.

57. The allegations contained in paragraph 57 are Plaintiff's characterization

and recollection of events.  To the extent that they are deemed allegations of fact, they are denied.

58.   Defendant is without sufficient information to admit or deny the averments in paragraph 58.

59.-64.   Denies.

65.   Defendant admits that Plaintiff initiated several informal grievances. Denies remainder of paragraph 65.

66.   Admits.

67.   Admits.

68.   Denies.

69.   Denies.

70.   Denies.

71.   Denies.

72.   Denies.

73.   Denies.

74.   Defendant admits only that Plaintiff was issued a Counseling Memorandum based on an email that she had forwarded sometime between May 4, 2003, and May 10, 2003.  Defendant denies the remainder of paragraph 74.

75.   Denies.

76.   Defendant admits only that Mr. Coco was not issued a Counseling Memorandum.  Defendant denies the remainder of the paragraph.

77.   Denies.

78.   Defendant admits only that the Counseling Memorandum may have been

6

placed in Plaintiff's personnel file.  The remainder of the paragraph contains Plaintiff's
conclusion about the effect of the Counseling Memorandum.  To the extent it is deemed
an allegation of fact, it is denied.

     79.    Denies.

     80.    Denies.

     81.    Denies.

     82.    Admits.

     83.    Denies.

     84.    Admits.

     85.    Denies.

     86.    Denies.

     87.    Admits.

     88.    Admits only that Arlene Taylor stopped by Plaintiff's office on
approximately December 2005.  Defendant denies remainder of paragraph.

     89.    Admits.

     90.    Denies.

     91.    Denies.

     92.    Admits.  Mr. Davis was aware of the purpose of these visits.

     93.    Denies.

     94.    Admits that Mr. Davis, after consulting with Mr. Benedi, instructed Ms.
Taylor to rescind Plaintiff's administrative rights to the FRMS.  Defendant denies
remainder of paragraph 94.

     95.    Denies.

96.     Denies.

97.     Admits only that Mr. Davis occasionally whistled in his office.  When Plaintiff complained, he immediately stopped whistling.

98.     Denies.

99.     Denies.

100.    Denies.

101.    Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff obtained counseling from OPM's Employee Assistant Program and follow-up counseling from a mental health care professional.  Defendant denies the remainder of the paragraph.

102.    Admits.

103.    Defendant admits the allegations in paragraph 103 to the extent they are consistent with the document referred to, which is the best evidence of its contents. Defendant denies the remainder of paragraph 103..

104.    Admits.

105.    The allegation contained in this paragraph is a conclusion of law to which no response is required.  However, to the extent that they may be deemed allegations of fact, they are denied.

106-108.      The allegations contained in paragraphs 106-108 are Plaintiff's characterization of her work area.  To the extent they are deemed allegations of fact, they are denied.

109.    Defendant admits the allegations contained in paragraph 109 to the extent that they are consistent with documents related to these events, which are the best

8

evidence of its contents, otherwise denies.

110.    Denies.

111.    The allegation contained in paragraph 111 is Plaintiff's characterization of Ms. Carter's work area.  To the extent it is deemed an allegation of fact, it is denied.

112.    Denies.

113.    Defendant admits only that PMG acquired two office spaces across from the PMG.  The remainder of paragraph 113 is denied.

114.    First sentence: admits.  Second sentence:  denies..

115.    Admits.

116.    Defendant admits the allegations contained in paragraph 116 to the extent that they are consistent with documents related to this event, which is the best evidence of its contents, otherwise denies.

117.    Denies.

118.    Denies.

119.    Defendant admits that the record shows that a follow-up email was sent on December 16, 2005.

120.    Admits.

121.    Denies.

122.    Denies.

123.    Denies.

124.    Defendant admits only that Mr. Benedi stated that he did not have any office space to give and if he did, others would have gotten it first.

125.    Denies.

9

126.    Denies.

127.    Admits.  Plaintiff was the only one who had been specifically hired to assist Mr. Coco.

128.    Denies.

129.    Defendant admits only that Annette Frye-Gunter is a black female who had been detailed from another office.

130.    Defendant admits only that there was no one else was available.

131.    Admits.  Ms. Frye-Gunther had just been detailed into the section and was unaware of the system.

132.    Defendant admits that Mr. Davis denied Plaintiff's request for assistance. Defedant denies the remainder of paragraph 132.

133.    Denies.

134.    Admits.  However, it also included correspondent management.

135.    Denies.

136.    Admits that Ms. Carter was assigned to work with Booze Allen Hamilton. Denies the remainder of paragraph 136.

137.    Admits.

138.    Denies.

139.    Denies.

140.    Denies.

141.    Admits.

142.    Defendant admits only that Plaintiff filed a second formal EEO complaint on February 21, 2006.  Defendant denies remainder of paragraph 142.

10

143.    Admits.

144.    The allegation contained in paragraph 144 is Plaintiff's characterization of her complaint.  To the extent they are deemed allegations of fact, they are denied.

145.-146.    Defendant is without sufficient information to admit or deny the averments in paragraph 145 and 146.

147.    Denies.

148.    Denies.

149.    Denies.

150.    Denies.

151.    Admits.

152.    Admits.

153.    Admits only that Mr. Davis was on sick leave from August 10 through October 1, 2005.

154.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations stated in paragraph 154.  To the extent they are deemed to be allegations of fact, they are denied.

155.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation stated in this paragraph.  To the extent that it is deemed to be an allegation of fact, it is denied.

156.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation stated in this paragraph.  To the extent that it is deemed to be an allegation of fact, it is denied.

157.    Admit.  It was Plaintiff's—and not Mr. Coco's—responsibility to

11

accurately report her time.

158.    Admits.

159.    Admits that Mr. Davis did not complain or comment to Plaintiff about her arrival and departure times prior to the audit of the "swipe" records.  Denies the remainder of paragraph 159.

160.    Admits the allegation contained in this paragraph to the extent that it is consistent with the document referred to, which is the best evidence of its contents, otherwise denies.

161.    Denies.

162.    Denies.

163.    Denies.

164.    Denies.

165.    Denies.

166.    Admits only that Mr. Davis was not reprimanded. Denies that he failed to accurately report Plaintiff's leave.

167.    Admits only that Plaintiff initiated these EEO actions but denies the remainder of paragraph 167.

168.    Admits.

169.    This paragraph contains Plaintiff's characterization of the case.  To the extent it is deemed an allegation of fact, it is denied.

170.    Defendant denies any acts of discrimination, sexual harassment and retaliation.

171.    Denies.

## COUNT I

### ("Reverse" Race Discrimination)

172.    Defendant incorporates the responses to paragraph 1 through 171 above.

173-179.  Denies.

## COUNT II

### (Sexual Harassment, Reverse Race and Sex Discrimination, and Retaliation)

180.    Defendant incorporates the responses to paragraphs 1 through 171 above.

181-190.  Denies.

## COUNT III

### ("Reverse" Race Discrimination and Retaliation)

191.    Defendant incorporates the responses to paragraphs 1 through 171 above.

192-198.  Denies.

## COUNT IV

### (Sexual Harassment, Sex Discrimination and Retaliation)

199.    Defendant incorporates the responses to paragraphs 1 through 171 above.

200-207.  Denies.

## COUNT V

### ("Reverse" Race and Sex Discrimination and Retaliation)

208.    Defendant incorporates the responses to paragraphs 1 through 171 above.

209-215.  Denies.

## COUNT VI

### ("Reverse" Race and Sex Discrimination and Retaliation)

216.    Defendant incorporates the responses to paragraphs 1 through 171 above.

217-223.  Denies.

## COUNT VII

### ("Reverse" Race and Sex Discrimination and Retaliation)

224.    Defendant incorporates the responses to paragraphs 1 through 171 above.

225-231.  Denies.

## COUNT VIII

### ("Reverse" Race and Sex Discrimination and Retaliation)

232.    Defendant incorporates the responses to paragraphs 1 through 171 above.

233-239.  Denies.

## COUNT IX

### ("Reverse" Race and Sex Discrimination and Retaliation)

240.    Defendant incorporates the responses to paragraphs 1 through 171 above.

241-247.  Denies.

## COUNT X

### (Retaliation)

248.    Defendant incorporates the responses to paragraphs 1 through 171 above.

249-253.  Denies.

## PRAYER FOR RELIEF

The remainder of Plaintiff's complaint is her Prayer for Relief, to which no response is necessary.  To the extent that an answer is deemed necessary, denies. Defendant further avers that any relief would be limited by 42 U.S.C. Sec. 2000e-5(g)(2)(B).

Having fully answered, defendant respectfully requests that this action be dismissed with prejudice and that defendant be granted such other relief as the Court deems appropriate.

Defendants reserve the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged.  Defendants assert all applicable statutory limitations with respect to Plaintiff's damage claims.

**WHEREFORE**, Defendants request the Court enter judgment in their favor and against Plaintiff, that the complaint be dismissed in its entirety with prejudice, that Defendants recover costs in this action, and for such other relief as may be appropriate.

15

Respectfully submitted,


_____/s/_____
JEFFREY A. TAYLOR, Bar # 498610
 United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney


_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137