U.S. DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Valerie Kline <br> 83 E Street <br> Lothian, MD 20711 <br><br> Plaintiff <br><br> v. <br><br> Linda M. Springer, Director <br> U. S. Office of Personnel Management <br> 1900 E Street, N.W. <br> Washington, D.C.  20415 <br> Defendant | Case No. 1:07-cv-451 (JR) |

**OPPOSITION TO MOTION TO EXTEND
FOR FILING DISPOSITIVE MOTIONS**

Plaintiff Valerie Kline opposes Springer's *Motion To Extend For Filing Dispositive Motions* for the following reasons.

1. Kline has no evidence that Springer attempted to contact her to obtain consent to the extension of time.

2. Springer has had ample time to file a dispositive motion(s).

3. Granting Springer additional time will prejudice Kline's case.

4. The interests of justice will not be served by granting Springer's request for additional time to file a dispositive motion(s).

5. Springer's reason for requesting an extension is unsubstantiated, unreasonable and without cause.

6. Springer's Motion for Extension of time is unsigned.

Respectfully submitted,

*/s/ Valerie Kline*
Valerie Kline, pro se
(301) 509-2684

U.S. DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Valerie Kline | * | |
| 83 E Street | * | |
| Lothian, MD 20711 | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No. 1:07-cv-451 (JR) |
| | * | |
| Linda M. Springer, Director | * | |
| U. S. Office of Personnel Management | * | |
| 1900 E Street, N.W. | * | |
| Washington, D.C. 20415 | * | |
| Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO MOTION TO EXTEND FOR FILING DISPOSITIVE MOTIONS**

Springer's *Motion To Extend For Filing Dispositive Motions* has utterly failed to show cause for extending the time period for filing a dispositive motion. Instead, it has proffered dubious and unsupported excuses, none of which, alone or together, constitute cause for not filing a timely motion as ordered by this Court. Accordingly, Springer should be required to timely file its dispositive motion(s) or be barred from doing so.

Springer claims that she attempted unsuccessfully to contact Kline. Kline has no evidence that Springer attempted to contact her in any manner to obtain consent to the extension of time. If Springer had in fact attempted to call Kline, Kline's phone would have shown that Kline missed a call and reflected the telephone number that attempted to call her. No such message was indicated.

If Springer had in fact attempted to call, it would have reached Kline's voice mail and could have left a message. No voice mail message was left on Kline's phone. Springer

could have also contacted Kline by email but did not do so. Thus, Springer's claim that she unsuccessfully attempted to contact Kline is pretextual.

Springer has had ample time to file a dispositive motion. At the Nov. 15, 2007 Status Conference, the Court noted that it thought Springer would have filed a dispositive motion prior to the Status Conference. *See* LCvR 7 (l). It then ordered Springer to file a dispositive motion(s) within 30 days.

Granting Springer additional time <u>will prejudice Kline's case</u>. Kline had planned to work on her opposition to Springer's motion(s) over the holidays because she will have much needed time to prepare her response(s). Since Kline has a full time job, spends 2 ½ - 3 hours a day commuting to and from work and has to care for her elderly mother, time is at a premium. This Court allowed Kline 30 days to respond to Springer's dispositive motion(s). Kline would have valuable time over the holidays for working on her response(s) since there will be several paid holidays that she will have time to work on her responses if Springer's motion(s) is timely filed. Granting Springer the extension of time will prevent Kline from being able to spend the valuable time needed during the holidays for responding to Springer's motion(s). Allowing Springer the benefit of working on the dispositive motions against Kline during the holiday season instead of allowing Kline the benefit of working on responding to Springer's motions will prejudice Kline's case by robbing Kline of much needed time she had planned to work on a response(s).

The interests of justice will not be served by granting Springer's request for additional time to file a dispositive motion(s). Granting Springer an extension of time for filing dispositive motion(s) will cause undue delay in this case. Springer has had ample

2

time to prepare a dispositive motion(s) since Springer has virtually unlimited resources at her disposal, including a staff of attorneys at the Office of Personnel Management, the Department of Justice and the Office of the U.S. Attorney that could assist with this case. Therefore, there is no excuse for needing additional time other than to prevent Kline from being able to work on her response to the motion(s) over the holidays and/or to cause unnecessary delays this case.

Springer's reasons for requesting an extension of time are unsubstantiated and unreasonable. Springer's counsel claims that she was unable to meet the deadline imposed by this Court for filing the dispositive motion(s) because she had to take depositions in 3 other cases that required her to be out of the office for extensive periods of time. Springer's counsel does not state the dates that she had to take the depositions, how many individuals were deposed in those cases, how long it took to take the depositions nor how long she was out of the office. Therefore, Springer's counsel could have conceivably taken depositions from 3 individuals, one in each case, in one day. If this were the case, then Springer had ample time to prepare the dispositive motion(s). Without more information, Springer's reasons for delaying this case are without cause.

Finally, Springer's motion is unsigned and should not be accepted by the Court.

For all the foregoing reasons, Springer's Motion for an Extension of Time should be denied.

Respectfully submitted,

Valerie Kline, pro se
83 E Street
Lothian, MD  20711
(301) 509-2684

3

U.S. DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Valerie Kline                                         *
83 E Street                                           *
Lothian, MD 20711                                     *
                                                      *
                            Plaintiff *
                                                      *
            v.                        *   Case No. 1:07-cv-451 (JR)
                                      *
Linda M. Springer, Director           *
U. S. Office of Personnel Management  *
1900 E Street, N.W.                   *
Washington, D.C.  20415               *
                            Defendant *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

ORDER

Upon consideration of plaintiff's opposition to motion to extend, and for good cause shown, it is this _____ day of _____ 200_

ORDERED, that the motion to extend is denied.

_____
UNITED STATES DISTRICT COURT


VALERIE KLINE, pro se
83 E Street
Lothian, MD 20711


CLAIRE WHITAKER
Assistant U.S. Attorney
555 4th St., N.W. E-4204
Washington, DC 20530