UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE KLINE, ) | |
|  ) | |
| **Plaintiff,** ) | |
|  ) | Case Number: |
| v. ) | 1:07-CV-451 (JR) |
|  ) | |
| **LINDA M. SPRINGER, DIRECTOR** ) | |
| **United States Office of Personnel** ) | |
| **Management,** ) | |
|  ) | |
| **Defendant.** ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
MOTION FOR LEAVE TO FILE DISPOSITIVE MOTION
AND MOTION TO CONTINUE STAY OF DISCOVERY PENDING
RULING ON PLAINTIFF'S THIRD AMENDED COMPLAINT**

On February 8, 2008, plaintiff opposed defendant's motion for leave to file a dispositive motion and filed a proposed third amended complaint to her opposition. R. 24 & Exhibit 3, thereto. On that same day, plaintiff also filed a motion to strike defendant's motion for leave to file her dispositive motion. R. 25.

Defendant does not oppose the filing of plaintiff's proposed third amended complaint. Further, if the Court allows the third amended complaint, defendant will answer the complaint within the ten-day period provided the Federal Rules of Civil Procedure and will also file a new dispositive motion on that date. Accordingly, should the Court permit the filing of plaintiff's amended complaint, this will moot out the pending motions. Defendant also requests that the stay of discovery imposed at this Court's November 15, 2007, status conference be continued pending further order of this Court.[1]

---

[1] Defendant attempted unsuccessfully to contact plaintiff to ascertain her position on defendant's request for a stay of discovery. However, it is believed that plaintiff will oppose this request.

1. Background.

At the November 15, 2007, status conference in this case, a schedule was set for the filing of dispositive motions. See Attachment 1 (Transcript of Conference). Defendant's counsel represented that defendant would be filing a dispositive motion and the Court explained the stringent requirements of Fed. R. Civ. P. 56(f) as it impacted on discovery. Id. at p. 3-5. The Court noted that "a motion for summary judgment is a useful tool for narrowing the issues in any litigation." Id. at 4. This was particularly apt in light of plaintiff's 253-paragraph amended complaint. Thus, the Court stayed discovery in the case. Id.

By minute order dated November 15, 2007, the Court set the due date for defendant's dispositive motion for December 15, 2007. However, defendant failed to meet that deadline and requested three extensions of time, the third of which was denied. Minute Order of January 3, 2008, as the third extension was filed out of time. See R. 20 and Minute Orders of January 3 & 10, 2008. The Minute Order of January 10, 2008, also directed that a status conference be set for late March 2008 "for the purposes of assessing the status of discovery and setting dates for trial and for the final pretrial conference." Id. No order lifting the stay of discovery was entered. The status conference was set for March 26, 2008. Docket Entry of January 16, 2008.

On February 1, 2008, defendant moved for leave to file defendant's motion to dismiss or for summary judgment, providing reasons in good faith for missing the Court-imposed deadline and the cautionary statement defendant's counsel overlooked in the Court's Minute Order that "[n]o further extensions will be granted." R. 22. Plaintiff opposed this motion on February 8, 2007, citing *inter alia*, work on developing

2

discovery. R. 24.[2]  In this filing, plaintiff also filed a proposed Third Amended Complaint. Id. and Exhibit 3, thereto.

    2. Discussion

There are four reasons for allowing an out-of-time litigant the opportunity to file a late filing:  "(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." In re Vitamins Antitrust Class Action, 327 F.3d 1207, 1209 (D.C.Cir.2003) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395).  Defendant believes that the grounds presented in her motion for leave to file the lodged dispositive motion [R. 22] are sufficient to permit the Court, in its discretion, to grant said motion and respectfully refers the Court to this filing without additional argument with regard to (1)-(4), above.  Indeed, in light of plaintiff's filing of a proposed "Third Amended Complaint," the first two prongs of the Pioneer Inv. Servx. Co. test now lean heavily in defendant's favor.

First, the representations by plaintiff in her opposition that she has been prejudiced by defendant's tardiness are undercut by her desire to add a new "hostile work environment" claim to her case. See id. at Prong 1.  Secondly, with the filing of a proposed third amended complaint, plaintiff admits that the delay in the judicial proceedings has not harmed her as she now discovers that there is a new "hostile work

---

[2] To date, plaintiff has forwarded to defendant's counsel written discovery requests (with a 20-day return date) and sent emails concerning depositions of three agency employees for 2/20-2/22/08 (one of which no longer is employed by defendant) and failed to serve them by notices of deposition or subpoenas as required by the rules.

3

environment" claim she wishes to make which results automatically in generating a new scheduling time table.  See Fed. R. Civ. 15(a).

As noted above, defendant believes that grounds for the Court to accept her lodged dispositive motion have been presented in her motion for leave.  Nevertheless, as defendant has also requested alternative relief, i.e., a more definite statement of her claims, defendant will not object to plaintiff clarifying her claims in a third amended complaint. As noted in defendant's motion for leave, defendant has struggled with the allegations of the second amended complaint and attempted to put these claims in the context of the EEO matters that were pending before the agency upon the filing of plaintiff's original complaint.  Plaintiff has not argued that defendant's efforts to interpret her allegation have been incorrect.  She indeed is attempting to clarify her claims by adding a new hostile work environment claim, presumably to make timely her unexhausted claims.

For the foregoing reasons, and because Fed. R. Civ. P. 15 provides that "leave [to amend] shall be freely given, . . ", defendant does not oppose the filing of plaintiff's Third Amended Complaint.   As Rule 15 also provides a ten-day period for an answer or other response, should plaintiff's Third Amended Complaint be accepted for filing, defendant submits that defendant should be permitted to file a motion to dismiss or, alternatively, for summary judgment within that ten-day period.

Finally, in light of the Third Amended Complaint and defendant's representations that a dispositive motion will be filed in lieu of an answer, defendant requests that the stay imposed at the November 15, 2007, status conference be continued pending further order of the Court after plaintiff reviews defendant's summary judgment motion and

determines what, if any, facts she cannot respond to without specific discovery as permitted by Fed. R. Civ. P. 56(f). As the benefits of narrowing the issues in this case are the same now as they were in November 2007 when the Court stayed discovery, defendant urges the Court to continue that stay  See Attachment 1 at pp. 4-5. As plaintiff has unilaterally sought to schedule depositions of three agency officials, without proper notice to counsel of record, for February 20-22, 2008, defendant requests that the Court stay any discovery until after resolution of defendant's motion for summary judgment.

        Respectfully submitted,

        _____/s/_____
        JEFFREY A. TAYLOR, D.C. Bar No. 498610
        United States Attorney

        _____/s/_____
        RUDOLPH CONTRERAS, D.C. Bar No. 434122
        Assistant United States Attorney

        _____/s/_____
        CLAIRE WHITAKER, D.C. Bar No. 354530
        Assistant United States Attorney

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VALERIE KLINE, | : | Civil Action No. 07-0451 |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | November 15, 2007 |
| | : | |
| LINDA M. SPRINGER, Director, | : | |
| U.S. Office of Personnel | : | |
| Management | : | |
| Defendant | : | 9:15 a.m. |

. . . . . . . . . . . . . . . . : . . . . . . . . . . . .

TRANSCRIPT OF SCHEDULING CONFERENCE
BEFORE THE HONORABLE JAMES ROBERTSON
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:        VALERIE KLINE, PRO SE
                          83 E Street
                          P. O. Box 321
                          Lothian, MD 20711
                          (301) 509-2684

For the Defendant:        CLAIRE M. WHITAKER, ESQUIRE
                          UNITED STATES ATTORNEY'S OFFICE
                          555 4th Street, NW
                          Suite E-4204
                          Washington, DC 20816
                          (202) 514-7137

Court Reporter:           REBECCA STONESTREET, RPR, CRR
                          Official Court Reporter
                          Room 6511, U.S. Courthouse
                          Washington, D.C.  20001
                          (202) 354-3249

Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.

|   |   |
|---|---|
| 1 | **PROCEEDINGS** |
| 2 | COURTROOM DEPUTY: This is Civil Action Number 07-0451, |
| 3 | Valerie Kline versus Springer, Director, U.S. Office of |
| 4 | Personnel Management. Ms. Kline is present and pro se, Claire |
| 5 | Whitaker is present for the defendant. |
| 6 | THE COURT: Okay. Last time we were here I told |
| 7 | Ms. Kline she needed to file a more disciplined complaint. She |
| 8 | has done so. The government has answered, and I think nothing |
| 9 | else has happened. |
| 10 | The government's 16.3 report, the old one - I guess a |
| 11 | new one has not been filed - suggests that the government wants |
| 12 | to file a dispositive motion, but of course they haven't done |
| 13 | that. They just answered instead. |
| 14 | Ms. Whitaker, where are we going with this matter? |
| 15 | MS. WHITAKER: Good morning, Your Honor. We didn't |
| 16 | file a dispositive motion because plaintiff indicated she was |
| 17 | going to amend her complaint, and she has amended the complaint |
| 18 | and we are prepared to file a dispositive motion. And because |
| 19 | of the period of time that I've had with my agency counsel this |
| 20 | morning, I feel strongly that we have grounds to file a |
| 21 | dispositive motion on all of the claims, not just some of the |
| 22 | claims. |
| 23 | If you notice in our answer, we say there are specific |
| 24 | claims that are clearly untimely, but after talking to my agency |
| 25 | counsel, I believe that not only are most of the claims |

1  untimely, she has not stated an adverse personnel action, and
2  that even if she had, we have legitimate reasons for doing what
3  was done.
4         So we would like to have a period of whatever you say,
5  because we're pretty much ready to file, and a stay of discovery
6  so that you have an opportunity to at least look and narrow the
7  claims, if necessary, before discovery starts.
8         THE COURT: Okay. Since Ms. Kline is studying law, she
9  probably already knows all of this. But I want to tell her a
10 couple of things.
11        You are appearing pro se, Ms. Kline. And ordinarily,
12 for pro se parties, the first thing we do if a motion to dismiss
13 or for summary judgment is filed by the defendant, is to issue
14 something we call in this jurisdiction a Fox-Neal order, which
15 is an order that reminds pro se parties that they have duties
16 when a dispositive motion is filed. I'm going to give you the
17 Fox-Neal order orally so we can save a step.
18        The government says it's going to file a dispositive
19 motion, meaning for summary judgment or to dismiss. You have to
20 respond to a motion to dismiss timely. You can't just let it
21 sit. You know that.
22        A summary judgment motion, if the government files one,
23 will be accompanied by a statement of facts as to which the
24 government contends there is no genuine issue. You have to
25 respond to that, and you can't just respond by saying "that's

```
 1    not true, that's not true."  You have to respond with record
 2    facts, which means documents.
 3             In summary judgment practice, the unsupported affidavit
 4    of a plaintiff - I underline the word "unsupported" - the
 5    unsupported affidavit of a plaintiff, or uncorroborated
 6    affidavit of a plaintiff, will not establish a genuine issue of
 7    material fact.  So if you're not sure how this works, you better
 8    study Rule 56.
 9             Now, Ms. Whitaker says she wants no discovery to take
10    place to give her a chance to file her dispositive motion.  I'm
11    going to grant that request, because, as you may know from your
12    studies, a motion for summary judgment is a useful tool for
13    narrowing the issues in any litigation.
14             But I want you to pay particular attention to Rule
15    56(F) of the Federal Rules of Civil Procedure, which give you an
16    opportunity, if you need discovery, and if you need discovery on
17    some point that is suggested in the government's motion, to ask
18    for it before you have to respond to the motion for summary
19    judgment.
20             Now, Rule 56(F) has some stringent procedures about how
21    you properly do it, so pay attention to how it's done.  But if
22    the government asserts facts in a motion for summary judgment
23    that you have no way of responding to unless you take discovery
24    on those points, then Rule 56(F) is what you should resort to.
25             Ms. Whitaker, you say you're ready to file your motion
```

```
 1   for summary judgment.  File it as soon as you can.  How soon
 2   would that be?
 3           MS. WHITAKER:  Well, Your Honor, if the first week of
 4   December is okay, that gets us through Thanksgiving.
 5           THE COURT:  The government has 30 days from today's
 6   date to file a motion for summary judgment.  Ms. Kline, you may
 7   have 30 days to respond.
 8           Now, normally you only have 11 days to respond to a
 9   motion for summary judgment, but you're pro se and I'm sure
10   you're going to want some time, and it will be the holidays,
11   anyway.
12           So you can have 30 days from the time the government's
13   motion is filed to file your opposition.
14           MS. KLINE:  Thank you.  May I address the Court?
15           THE COURT:  Yes.
16           MS. KLINE:  I would like to request discovery to the
17   limited extent of some document production that I can use to
18   corroborate my affidavit and so forth to show that the facts are
19   disputed.  Would it be possible just to get some limited
20   discovery on a document request, production of documents?
21           THE COURT:  What kinds of documents do you want, your
22   own personnel file or something like that?
23           MS. KLINE:  No.  I'm looking, for example, to show if
24   I'm similarly situated to other employees, the vacancy or the
25   position description, the vacancy announcements, performance
```

1  standards, things like that. And also --
2       THE COURT: You and Ms. Whitaker sit down after this
3  proceeding and tell Ms. Whitaker what you want. I'm sure she'll
4  give it to you.
5       MS. KLINE: I did bring a list with me of some
6  documents, and she thought it was not appropriate since there's
7  no scheduling order.
8       THE COURT: Well, what I could do, and maybe I should
9  do, is to provide for the exchange of Rule 26(A)(1) materials
10 within the next 15 days. All right? Can you do that?
11      MS. WHITAKER: Yes, Your Honor.
12      MS. KLINE: 26(A)(1) material?
13      THE COURT: That should give you the basic documents
14 you need.
15      MS. KLINE: Yes, thank you.
16      THE COURT: The parties will exchange Rule 26(A)(1)
17 materials within 15 days; the government will move to dismiss or
18 for summary judgment within 30 days; the plaintiff has 30 days
19 after the government's motion to oppose. The government has
20 15 days after that to reply, and then I will set oral argument
21 if I need it. Or if I don't, I'll just proceed to rule on the
22 motions. I understand that you may respond under Rule 56(F).
23      And that should get this case on track. Anything
24 further?
25      MS. WHITAKER: No, Your Honor.

```
 1        THE COURT:  Thank you both.  We're adjourned.
 2        (Proceedings adjourned at 10:35 a.m.)
 3
 4
 5
 6           CERTIFICATE OF OFFICIAL COURT REPORTER
 7
 8        I, Rebecca Stonestreet, certify that the foregoing is a
 9   correct transcript from the record of proceedings in the
10   above-entitled matter.
11
12
13
14   _____              2/13/08
15   SIGNATURE OF COURT REPORTER              DATE
16
17
18
19
20
21
22
23
24
25
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VALERIE KLINE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case Number:** |
| v. ) | **1:07-CV-451 (JR)** |
| ) | |
| **LINDA M. SPRINGER, DIRECTOR** ) | |
| United States Office of Personnel ) | |
| Management, ) | |
| ) | |
| **Defendant.** ) | |

### ORDER

Upon consideration of defendant's motion for leave to file a motion to dismiss or in the alternative a motion for summary judgment out of time, plaintiff's opposition thereto, plaintiff's motion to strike, plaintiff's proposed Third Amended Complaint, and defendant's request for a continued stay of discovery pending further order of the Court, and after a review of the entire record before the Court, together with the dictates of Fed. R. Civ. P. 15, it is this _____, day of _____, 2008

ORDERED, that plaintiff's proposed Third Amended Complaint is accepted for filing with the Court and the Clerk is directed to file same, and it is

FURTHER ORDERED, that in light of the filing of a Third Amended Complaint, defendant's motion for leave to file and plaintiff's motion to strike are deemed moot; and it is

FURTHER ORDERED, that as defendant has represented that she will file a dispositive motion in lieu of an answer on the answer due date, discovery is stayed pending further order and subject to plaintiff's need for discovery pursuant to Fed. R. Civ. P. 56(f).

```
                              _____
                              UNITED STATES DISTRICT JUDGE
```