UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE KLINE, )<br>)<br>    Plaintiff, )<br>) | **Case Number:** |
| v. ) | **1:07-CV-451 (JR)** |
| )<br>LINDA M. SPRINGER, DIRECTOR )<br>U.S. Office of Personnel Management, )<br>)<br>    Defendant. ) | |

**DEFENDANT'S MOTION TO EXTEND TIME TO RESPOND TO
PLAINTIFF'S WRITTEN DISCOVERY AND
MOTION FOR EMERGENCY HEARING[1]**

Pursuant to Fed. R. Civ. P. 6(b)(1), defendant moves for an extension of time to respond to plaintiff's written discovery until the Court rules on defendant's pending motion for leave to file its motion to dismiss or, alternatively, for summary judgment ("motion for leave"). See Docket Entry # 22.[2] Defendant also requests that the Court conduct a hearing at the earliest practicable opportunity on the request in defendant's motion for leave that the Court continue the stay of discovery imposed at the November 15, 2007, status conference (and not formally lifted), pending a Rule 56(f) motion from plaintiff. See id. The reasons for this motion are as follows:

After the filing of defendant's motion for leave and before the filing of plaintiff's opposition, on or about February 5, 2008, plaintiff issued three subpoenas for the depositions of a former OPM employee and two current employees. She scheduled those depositions for

---

[1] Plaintiff opposes these motions.

[2] The dispositive motion was lodged with the Court on February 1, 2008, the day the motion for leave was filed. Id.

three separate days, February 21-22, 2008. These depositions were scheduled during a period when this Court was out-of-town and unavailable.[3]

The three witnesses received the subpoenas on or about February 8, 2008. However, plaintiff failed to serve defendant with notices of deposition, or copies of the subpoenas for these depositions even though LCvR 30.1 requires that "a notice of deposition" be served on a party five days in advance of the date set for taking the deposition.[4]

Defendant's counsel learned for the first time on February 15, 2008, that witnesses received subpoenas for depositions. February 15, 2008, was the day before the President's Day weekend, and two business days before the depositions were scheduled to take place.

Because the Court was out-of-town, defendant could not effectively move to quash the subpoenas or take steps to have the depositions canceled or postponed even though they did not comform to the rules.[5] As a result, defendant had no alternative but to defend the depositions subject to her objection to the depositions, which objection was noted on the record. In sum, since the witnesses had been properly subpoenaed, defendant's counsel felt compelled to attend the depositions even though counsel had not been served with a proper notice of deposition and her counsel had other conflicting commitments. Because these depositions (which lasted

---

[3] Plaintiff has indicated to defendant's counsel that she was advised the Court was out-of-town when she issued the subpoenas on or about February 5, 2008.

[4] Plaintiff has attempted to excuse herself from this formal requirement by stating that she sent defendant's counsel emails about the depositions and that defendant's counsel did not respond. In this connection, plaintiff did send email messages to defendant's counsel concerning scheduling the depositions but no notice of deposition was received and defendant did not know that subpoenas had been issued until February 15, 2008.

[5] Counsel asked plaintiff to cancel or postpone the depositions, but she refused.

approximately 2 hours each) were set for three consecutive days, defendant's counsel was required to rearrange her schedule in order to accommodate the plaintiff.[6]

In addition to conducting depositions in this case, plaintiff proceeded to issue interrogatories and requests for documents which are presently due on February 29, 2008. Because of plaintiff's insistence on proceeding with discovery before the Court rules on defendant's pending dispositive motion, defendant is requesting an extension of the due date for this written discovery and an expedited hearing to present argument on her motion for leave to file her dispositive motion and request for a stay of discovery. This hearing is in the interest of justice because plaintiff, by her recent actions, by taking the depositions of three individuals and proposing to amend her complaint, has shown that there are no meaningful grounds for the Court to reject defendant's motion for leave to file her dispositive motion. *See* Pioneer Inv. Servs. Co. v. Brunswick Assos. Ltd. P'ship, 507 U.S. 380, 395. On the other hand, by her actions, she has caused defendant considerable unnecessary inconvenience.

Further, plaintiff's failure to serve defendant with notices of depositions or copies of the subpoenas, was contrary to both Federal and local civil rules.[7] Plaintiff has also shown unwillingness to work cooperatively with defendant's counsel by refusing to reschedule the

---

[6] In order to defend these depositions, defendant's counsel was required to cancel a February 21, 2008, mediation in Smith v. Paulison, C.A. 97-1045 (RMU), which also resulted in a pending motion to continue the February 26, 2008, status conference in that case. In addition, as defendant's counsel was already committed to attend previously scheduled depositions on February 22, 2008, in Sanders v. United States of America, C.A. No. 07-1169 (ESH), counsel needed to elicit assistance from another Assistant U.S. Attorney, unfamiliar with this case, to defend the deposition conducted by plaintiff on that date.

[7] On February 27, 2008, plaintiff again failed to follow the rules of court by filing a "Surreply to Opposition to Motion for Leave to File Dispositive Motion" without seeking leave to do so.

depositions pending a ruling of defendant's motion for leave and rigidly enforcing the taking of three "two-hour" depositions over a three-day period that resulted in a disruption of defendant's counsel's schedule. See supra at n. 6.

Accordingly, defendant believes that a hearing is necessary to determine the extent to which plaintiff may engage in uncontrolled discovery pending resolution of defendant's motion for leave to file its dispositive motion and motion to stay.

        Respectfully submitted,

        _____/s/_____
        JEFFREY A. TAYLOR, D.C. Bar No. 498610
        United States Attorney

        _____/s/_____
        RUDOLPH CONTRERAS, D.C. Bar No. 434122
        Assistant United States Attorney

        _____/s/_____
        CLAIRE WHITAKER, D.C. Bar No. 354530
        Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VALERIE KLINE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case Number:** |
| v. ) | **1:07-CV-451 (JR)** |
| ) | |
| **LINDA M. SPRINGER, DIRECTOR** ) | |
| **U.S. Office of Personnel Management,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

Upon consideration of defendant's motion to extend time to respond to plaintiff's written discovery and motion for emergency hearing, the opposition and reply, thereto, and for good cause shown, it is _____ day of _____, 2008

ORDERED, that all discovery is stayed pending further order of the Court, and it is

FURTHER ORDERED, that a hearing on defendant's motion for leave to file dispositive motion and for a stay of discovery (R. 22), is scheduled for _____ at _____.

_____
UNITED STATES DISTRICT JUDGE