U.S. DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Valerie Kline						*
83 E Street						*
Lothian, MD 20711					*
							*
				Plaintiff	*
							*
		v.				*	Case No. 1:07-cv-451 (JR)
							*
Linda M. Springer, Director				*
U. S. Office of Personnel Management		*
1900 E Street, N.W.					*
Washington, D.C.  20415				*
				Defendant	*
							*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO
EXTEND TIME TO RESPOND TO PLAINTIFF'S WRITTEN
DISCOVERY AND MOTION FOR EMERGENCY HEARING**

Plaintiff opposes *Defendant's Motion To Extend Time To Respond To Plaintiff's Written Discovery And Motion For Emergency Hearing* (the "Motion") for the following reasons.

The foundation of Springer's Motion is that Springer believes the Court put a stay on discovery pending the filing of its "out of time" dispositive motion. Springer claims that the Court imposed a stay on discovery at the November 15, 2007 status conference. But as it can be seen from the following excerpt of the scheduling conference transcript, the Court did not put a stay on discovery:

> MS. KLINE:  I would like to request discovery to the limited extent of some document production that I can use to corroborate y affidavit and so forth tos how that the facts are disputed. Would it be possible to get some limited discovery on a document request, production of documents?

> *****
> THE COURT: Well, what I could do, and maybe I should do, is to provide for the exchange of Rule 26(A)(1) materials within the next 15 days. All right? Can you do that?
>
> MS. WHITAKER: Yes, Your Honor.
>
> *****
> THE COURT: The parties will exchange Rule 26(A)(1) materials within 15 days; the government will move to dismiss or for summary judgment within 30 days; the plaintiff has 30 days after the government's motion to oppose. The government has 15 days after that to reply, and then I will set oral argument if I need it. Or if I don't, Ill just proceed to rule on the motions. I understand that you may respond under Rule 56(F). See November 15, 2007, *Transcript of Scheduling Conference before the Honorable James Robertson United States District Judge*, pp. 5, 6.

Clearly, there is no indication of a "stay on discovery" as Springer claims. To the contrary, the Court ordered the exchange of materials pursuant to Rule 26, "Disclosures and Discovery", paragraph (a) "Required Disclosures", (1) "Initial Disclosures", which "disclosures" encompass the production of documents pursuant to Rule 26(a)(1)(A)(ii):

> (ii) <u>a copy</u> – or a description by category and location – <u>of all documents</u>, electronically stored information, and tangible things <u>that the disclosing party has in its possession, custody, or control</u> and may use to support its claims or defenses, unless the use would be solely for impeachment. [Emphasis added.]

With this understanding, Kline requested specific documents of Springer's counsel on November 15, 2007, in accordance with the Court's Order but Springer failed to supply the requested documents. On December 3, 2007, Kline made a second request for the documents and stated why the documents were needed but Springer failed to supply the requested documents. In a third request on December 28, 2007, Kline pared down the request to approximately 30 items and indicated the applicable dates but again, Springer failed to respond to the request. Kline also contacted Springer on January 17,

2008, and on January 25, 2008, and asked when she could expect to receive the requested documents but Springer failed to respond. In other words, Kline has made every effort to obtain the documents without burdening the Court but Springer refuses to comply with Kline's request for documents.

On January 10, 2008, the Court denied Springer's request for an extension of time to file a dispositive motion. At that same time, the Court directed the Clerk "to set a status conference in late March for the purposes of assessing the status of discovery and setting dates for trial and for the final pretrial conference." If, as Springer claims, there had been a "stay on discovery", directing the Clerk to set a status conference in late March for the purpose of assessing the "status of discovery" implies that any alleged stay on discovery was lifted.

Following the Court's denial of Springer's third request for an extension of time to file a dispositive motion, Kline submitted interrogatories to Springer along with another request for the documents on January 30, 2008, which were due on February 29, 2008. Springer did not ask Kline for an extension of time to respond to the interrogatories but objected to the interrogatories all together because Springer claimed that the alleged "stay on discovery" had not been lifted.

Since the Court did not put a stay on discovery but ordered discovery pursuant to Rule 26(a)(1), "good cause" has not been shown for granting Springer's extension of time on this basis.

As an additional reason for requesting an extension, Springer's claims that Kline has not followed the "Federal and local civil rules" yet it is Springer who has failed to follow the Federal civil and Local Rules. For example, during the depositions, Kline said

3

she was opposed to a request for an emergency hearing on a motion to stay discovery but that she was <u>not</u> opposed to Springer's responding to the interrogatories by February 29, 2008. The initial response date requested by Kline was February 19, 2008. Springer has not asked Kline for extension beyond the February 29, 2008 date and has thereby failed to follow the Local Rules.

Springer further violated the Court's November 15, 2008 ruling by not responding to Kline's Rule 26(a)(i)(A)(ii) request for production of documents and then violated the Federal civil and Local Rules by not responding to Kline's request for production of documents following the Court's denial of its request for leave to file a dispositive motion "out of time".

Springer has also failed to follow the Local Rules by omitting a memorandum of points and authority in its Motion as required by LCvR 47. The <u>only</u> authority quoted by Springer in its Motion is "<u>Pioneer Inv. Servs. Co. v. Brunswish Assos. (sic) Ltd. P'ship</u>, 509 U.S. 380, 395," which pertains to late filing requests based on "excusable neglect". The holding in *Pioneer* at p. 395 is,

> "Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id*. at 395.

The *Pioneer* case is not on point since "excusable neglect" falls under Rule 6(b)(2) of the Fed. R. Civ. P. whereas Springer's Motion is requesting an extension

4

based on Rule 6(b)(1) of the Fed. R. Civ. P., which only requires a showing of "good cause" for granting extension of time.

Oddly, Springer stands on *Pioneer* to support her position that the Motion should be granted because she doesn't believe Kline followed the rules by allegedly failing to give Springer proper notice of the depositions. But, as shown *infra*, Kline did follow the rules and did give Springer reasonable notice of depositions.

Aside from using this allegation as a justification for granting the Motion, it is unclear whether Springer's Motion is objecting to the depositions taken by Kline or is merely trying to cast aspersions on Kline for taking depositions. Because Kline is not yet an officer of the Court, she could not issue the deposition subpoenas. To accommodate Kline, the Clerk of the Court issued the subpoenas. Prior to issuing the subpoenas, the Clerk's office sought direction from the Court and learned that this case was "moving forward" and obtained permission from the Court to issue the subpoenas. Hence, the Court apparently believes there is no stay on discovery.

Rule 30(b) of the Fed. Rules of Civ. Proc. states,

> (1) "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. ***"

Springer admits that Kline notified her on January 28, 2008, of the dates and times for taking depositions of Jacquline Carter, Robert Coco and Shirley Sewell, which gave Springer <u>23 days advance notice</u> of the depositions, but Springer's counsel <u>failed to respond to Kline's notice</u>. Springer denies that Kline sent her notice confirming the dates of the depositions even though Kline sent Springer's counsel a follow-up notice on

February 14, 2008. Significantly, Springer claims she learned about the depositions "for the first time" on February 15, 2008, yet the testimony of Jacquline Carter states that she notified agency counsel of the subpoena "a couple of days" after receiving it. Since Carter was served on Thursday, February 8, 2008, agency counsel was notified as soon as Friday, February 9, 2008, which was additional notice <u>11 days prior to the taking of the deposition.</u> As Springer concedes, only 5 days advance notification is required pursuant to LCvR 30.1. Therefore, Springer had the required reasonable notice.

Springer complains that Kline failed to cancel the depositions. Springer's counsel did not request that Kline cancel the depositions until the morning of the first deposition, i.e., February 20, 2008. Kline informed Springer's counsel that she would not cancel the depositions because Kline expended a considerable amount of time and expense in having the subpoenas issued and served. In contrast, Springer's counsel claimed only that she was "inconvenienced" by the depositions.

If Springer had asked Kline to postpone the depositions when Kline first notified Springer of the depositions, Kline would have been more than willing at that point in time to delay the depositions. Accordingly, Springer has no valid reason for objecting to the depositions. As a result, Kline's taking of depositions is not "good cause" for requesting an extension of time to respond to Kline's written discovery as required by Rule 26(b)(1).

In summary, the only grounds proffered by Springer for requesting an extension of time for responding to Kline's interrogatories and document requests are: (1) the Court should stay discovery pending the disposition of Springer's motion to file an untimely (and inexcusable) dispositive motion, (2) the erroneous claim that a stay on discovery was imposed by the Court, and (3) the erroneous claim that Kline failed to give

proper notice of the depositions. Thus, Springer has not presented "good cause" for the extension pursuant to Rule 6(b)(1) of the Fed. Rules of Civ. Proc. and the request is nothing more than an "unjustified delay".

Accordingly, the Court should deny Springer's request for an extension of time to respond to Kline's discovery request and for an emergency hearing. In addition, Kline requests that the Court order Springer to respond to Kline's request for production of documents and interrogatories.

                            Respectfully Submitted,

                            *[signature]*
                            Valerie Kline, *pro se*
                            (301) 509-2684

## U.S. DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Valerie Kline | * | |
| 83 E Street | * | |
| Lothian, MD 20711 | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Case No. 1:07-cv-451 JR |
| | * | |
| Linda M. Springer, Director | * | |
| U. S. Office of Personnel Management | * | |
| 1900 E Street, N.W. | * | |
| Washington, D.C. 20415 | * | |
| Defendant | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### ORDER

For the reasons stated in *Plaintiff's Opposition to Defendant's Motion to Extend Time to Respond to Plaintiff's Written Discovery and Motion for Emergency Hearing*, defendant's motion is hereby DENIED.

_____
James Robertson
United States District Judge