**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **VALERIE KLINE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case Number:** |
| **v.** | ) | **1:07-CV-451 (JR)** |
| | ) | |
| **LINDA M. SPRINGER, DIRECTOR** | ) | |
| **United States Office of Personnel** | ) | |
| **Management,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE SURREPLY AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Pursuant to Fed. R. Civ. P. 6(b), Defendant hereby moves the Court for leave to file the

attached two-page surreply (and attachments) in response to Plaintiff's Response to Defendant's

Opposition to Plaintiff's Motion for Partial Summary Judgment.  Dkt. No.56.   In support of this

Motion, Defendant states as follows:

1.     "The standard for granting leave to file a surreply is whether the party making the

motion would be unable to contest matters presented to the court for the first time in the

opposing party's reply." Lewis v. Rumsfeld, 154 F. Supp.2d 56, 61 (D.D.C. 2001); cf. Alexander

v. Federal Bureau of Investigation, 186 F.R.D. 71, 74 (D.D.C.1998).

2.     First, Plaintiff's reply contains new allegations regarding so-called retaliation.

Plaintiff presents a document and argues that it purports to show that her supervisor, William

Davis, knew of her EEO protected activity in November 2005, before he signed her "fully

successful" performance rating on November 28, 2005, and, therefore, the rating was an act of

retaliation against her.  Reply at 3.  However, as the attached declaration from Defendant's EEO

Office states, plaintiff's inferences are without foundation and incorrect.  <u>See</u> Declaration of Judette Crosbie, ¶¶ 3, 11-12, attached as Attachment 1 hereto.  Plaintiff's EEO activity was confidential prior to her November 28, 2005 performance rating.  <u>See id.</u> ¶¶ 3, 6, 12.  Plaintiff did not waive her rights to anonymity until two days <u>after</u> receiving her performance rating on November 30, 2005.  <u>Id.</u> ¶3.  Plaintiff's allegations regarding retaliation are thus without basis.

3.    Second, Defendant's surreply is also necessary to address misleading statements made by Plaintiff in her Statement of Material Facts filed on June 26, 2008, with her Reply.  In her untimely-filed Statement of Material Facts, Plaintiff represented that her work was at an "Outstanding" level and that she needed a quiet office space to accomplish her work.  <u>See</u> Pl's Statement of Fact at ¶4 and 8.  However, OPM's Office of Inspector General ("OIG") recently completed a report that undermines Plaintiff's self-made characterizations.  <u>See</u> Report of the Office of Inspector General ("OIG"), attached as Attachment 2, hereto.  This OIG report, which involved an investigation not raised in the instant litigation, was not previously available and a copy has already been provided to plaintiff in connection with her other EEOC complaints against OPM pending before the EEOC.  As recorded in the report, Plaintiff told the OIG that she was only provided "four (4) hours worth of work per week and thus she visited the Internet." <u>Id.</u> at p. 1.  Thus, Plaintiff's attempts to characterize her work as "outstanding," and her argument that she was discriminated against because she was not provided with the appropriate resources, are further contradicted by her own admissions contained in this report.

4.    Accordingly, Defendant respectfully requests an opportunity to file the attached two-page surreply limited to responding to a new argument as well as to present the OIG document which was previously not available.  Defendant's surreply would help clarify that

certain factual assertions made by Plaintiff are without foundation and would further support

Defendant's arguments that the issues presented in this case are ripe for summary judgment.

Defendant recognizes that normally a surreply is not permitted, and that leave to file a surreply is

within the Court's discretion.  Given the unusual circumstances present here, Defendant

respectfully requests that the Court allow the filing of the attached surreply.  It is noted that

Plaintiff has been provided the opportunity to file a surreply in this case.  Minute Order of May

28, 2008.

5.    Pursuant to LCvR 7(m), the undersigned has contacted Plaintiff to discuss this

Motion.  Plaintiff does not object.

## CONCLUSION

Defendant respectfully requests leave to file the attached surreply.  A proposed order

consistent with this Motion is attached.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE KLINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 07-0451 (JR) |
| | ) |
| LINDA M. SPRINGER, DIRECTOR, | ) |
| U.S. Office of Personnel Management, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DECLARATION OF JUDETTE CROSBIE

I, Judette Crosbie, declare as follows:

1.    The statements made in this declaration are based exclusively on my personal knowledge

and are offered in further support of defendant U.S. Office of Personnel Management's

("OPM's") motion for summary judgment ("OPM's motion") and in response to plaintiff's

motion for summary judgment.

2.    I am a Senior Equal Employment Opportunity ("EEO") Specialist for OPM's Center for

Equal Employment Opportunity ("CEEO").  My general responsibilities include managing the

informal EEO counseling process.

3.    The purpose of this declaration is to make clear that CEEO would not have disclosed any

information about Ms. Kline's request for counseling until after OPM's CEEO Counselor met

with Ms. Kline in person and after Ms. Kline signed the Notice of Rights and Responsibilities on

November 30, 2005.  OPM's EEO practices reflect EEOC's longstanding procedures, see

generally, 29 C.F.R. § 1614, and the EEOC's Management Directive EEO MD-110.

*Decl. of Judette Crosbie – 1*

4.     If a counselee has a concern that he or she has been discriminated against, the counselee may contact CEEO by calling, emailing, or in person.  During this contact, the CEEO staff would complete an "Intake" form, by writing down the counselee's concerns and reflecting the counselee's request for counseling.  CEEO considers counselees' requests for counseling to be confidential.

5.     After the counselee makes this request for counseling, CEEO assigns the request to a counselor.  As part of my duties, I am responsible for assigning all requests for counseling to one of the EEO counselors so that the counseling process may be initiated.

6.     After the request for counseling is assigned, the counselor contacts the counselee to set up an initial interview.  If the contact is in person, the counselor provides the Notice of Rights and Responsibilities to the counselee.  If, however, the contact is conducted over the phone or by email, the counselor follows up with the counselee by sending an electronic copy of the Notice of Rights and Responsibilities ("NOR") so that the counselee may review it prior to the initial interview.  The counselor does not contact anyone else or do anything further until the counselee's initial interview.

7.     The EEO informal counseling process is comprised of six sequential stages: (1) Review of EEO procedures with the counselee and issuance of the NOR; (2) Review of allegations with the counselee; (3) Gathering Information; (4) Informal Resolution Attempts; (5) Issuance of the Notice of Final Interview; and (6) Transmittal of the Counselor's Report.

8.     When the counselee comes in for the initial interview, the counselor first discusses the elements of the NOR with the counselee and answers any questions.  The counselor explains that waiving anonymity means that the counselee's identity will be disclosed to the appropriate

*Decl. of Judette Crosbie – 2*

management officials as part of the informal counseling process. The counselee makes a determination as to whether they wish to remain anonymous and fills out the NOR. The counselee and the counselor both sign and date the NOR.

9.      After the NOR is completed, the counselee explains his concerns and identifies the person that he believes is responsible for allegedly discriminating against him. The counselor asks the counselee to identify options to resolve his concerns informally. The counselor explains to the counselee that as part of the next step in the counseling process, the counselor will gather information, including contacting the alleged responsible management official and/or any relevant witnesses.

10.     After undertaking efforts to informally resolve the matter, the counselor meets with the counselee to provide feedback. Should the matter not be resolved as part of the counseling process, then the counselor provides the counselee with notice of his or her rights to file a formal complaint.

11.     I have examined the attached CEEO Counseling Intake Sheet for Ms. Kline's request dated November 17, 2005. (*See* Attachment 1 hereto, CEEO Counseling Intake Sheet). This intake sheet reflects that Ms. Kline called and spoke to former CEEO EEO Specialist, LaShonn Woodland on November 17, 2005. (*See id.*). Consistent with CEEO's standard practices, The CEEO's Counselor would not have taken any further steps until after the counselee, Ms. Kline, made a determination regarding anonymity during counseling and signed the NOR.

12.     I have also examined the attached EEO Counselor's Report. (*See* Attachment 2 hereto, EEO Counselor's Report). This Report states that the initial interview occurred on November 30, 2005. This Report also attaches a copy of the NOR in which Ms. Kline waived her right to

*Decl. of Judette Crosbie – 3*

anonymity during counseling on November 30, 2005, and acknowledged that she "received a copy of this Notice of Rights and that my EEO counselor has discussed my rights and responsibilities with me." (Attach. 2, EEO Counselor's Report at 6).  In addition, the NOR was signed by the EEO Counselor on that same date.  (*See id.*).  Accordingly, and consistent with our standard operating practice, the EEO Counselor, Ms. Woodland, would not have contacted anyone else prior to November 30, 2005.  Moreover, the Report reflects that the counselor did not contact anyone until after that date, as the interview with Ms. Kline's management official occurred on December 8, 2005.  (*See* Attach. 2, Report at 4).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my personal knowledge.

Executed this 10th day of July, 2008.

Judette Crosbie
Senior EEO Specialist
U.S. Office of Personnel Management
Washington, DC.

*Decl. of Judette Crosbie – 4*

## CEEO COUNSELING INTAKE SHEET

1. **DATE OF REQUEST:** Nov 17, 2005

2. **REQUEST TAKEN BY:** LaShonn Woodland

3. **TYPE OF REQUEST:** (X) PHONE  ( ) LETTER  ( ) OTHER: _____

4. **REQUESTER'S** *Name/Title/Pay Grade* Valerie Kline
Mgmt Analyst. GS-12

5. **REQUESTER'S** *Work Location:* Publications Mgmt Group
Rm 5H35

6. **REQUESTER'S** *HOME PHONE:* ▇▇▇▇▇▇▇

7. **REQUESTER'S** *WORK PHONE:* 606 1411

8. **REQUESTER'S** *FAX NUMBER:* 606 0909

9. **REQUESTER'S** *Email Address:* ▇▇▇▇▇▇▇

10. **REQUESTER'S** *ADDRESS:* ▇▇▇▇▇▇▇▇▇▇▇▇▇

11. **PRELIMINARY DATA:**

**ISSUE:**
Telework (Denied) on Oct. 27, 2005
Disparate Treatment
She is using FMLA 2 days a pay period LWOP
and she has a ill mom. 2 hours to get
to work. A co-worker is allowed to
Telework. Mgmt hired her to fill the co-worker's
shoes because she is eligible to retire.
When she interviewed she was told she would
be able to telework once she learned the position

"2003" they had a detailee + allowed her to Telework
(Hispanic)

**EXHIBIT** A
**PAGE** 13 OF 14

*Attachment 1*

DATE OF INCIDENT: Oct. 27, 2005 denied
to telework

BASIS: Race (Caucasian) Sex Restaliation

PG-13, Black female is allowed to Telework
Jackie Carter 2 days a week because her
husband turned ill. started 2002 - present
RMO: Claudio Benadi (Hispanic)

HAVE YOU FILED A GRIEVANCE OR MSPB APPEAL?    (✓) YES    ( ) NO
(IF YES, PLEASE PROVIDE DATE AND STATUS) 2004
July 10, 2005 - trial period for 90 days
when she filed her grievance. 1 day a
Pay period was suppose to make a decision.

ANONYMITY:    ( ) YES    (✓) NO

REPRESENTATION:    ( ) YES    ( ) SEEKING    (✓) NO

If YES, PLEASE PROVIDE:

NAME: _____

TITLE: _____

PHONE #: _____

ADDRESS: _____

ADD'L INFO. _____

_____

_____

_____

_____

12. *ASSIGNED COUNSELOR:* _____

13. *DATE  COUNSELOR  ASSIGNED:* _____

EXHIBIT  A
PAGE  14  OF  14

Att: Kline's 2004-2005 Perf Appr. (11/28/05 - Davis Signed Appraisal)

Case 1:07-cv-00451-JR    Document 56-2    Filed 07/17/2008    Page 4 of 9

Case 1:07-cv-00451-JR    Document 56-3    Filed 06/26/2008    Page 3 of 9

U.S. OFFICE OF PERSONNEL MANAGEMENT

## PERFORMANCE APPRAISAL FORM FOR OPM EMPLOYEES

| 1. Employee's Name (Last, First, MI) | 2. Social Security No. | 3. Purpose of Rating | | 4. Appraisal Period | |
|---|---|---|---|---|---|
| Kline, Valerie, NMN | | [X] Annual [ ] Interim | [ ] WGI [ ] Other | From 11/4/2004 | To 9/30/2005 |

| 5. Position Title, Series and Grade | 6. Position Description Number | 7. Name of Organization (Group/Office, Division, Branch) and Location |
|---|---|---|
| Management Analyst, GS-343 | | CCFAS, PMG |

### I  COMMUNICATION AND REVIEW OF PERFORMANCE PLAN

| 8. Supervisor's Signature and Date Signed (Month, Day, Year) | 9. Employee's Signature and Date (Month, Day, Year) |
|---|---|
| *[signature]* 11-4-2004 | Employee refused to sign 11-4-2004 |

10. Signature of Higher Level Supervisor and Date Signed (Month, Day, Year) *[signature]* 11/9/04

### II  PROGRESS REVIEW CERTIFICATION

| 11. Supervisor's Signature and Date Signed (Month, Day, Year) | 12. Employee's Signature and Date (Month, Day, Year) |
|---|---|
| *[signature]* | Employee refused to sign 5-12-2005 |

### III  RATING

13. Summary Rating (See instructions)

[ ] Outstanding   [ ] Exceeds Fully Successful   [X] Fully Successful   [ ] Minimally Successful   [ ] Unacceptable   [ ] Not Rated

14. Supervisory Comments

Valerie's performance in Federal Register work & in assisting our Senior Analyst is acceptable. She needs to be more self-starting & to direct more attention to her duties assisting the Senior Analyst & supporting this office's mission.

| 15. Supervisor's Signature | Date Signed (Month, Day, Year) |
|---|---|
| *[signature]* | |

16. Higher Management Level Review (Comments)

| 17. Signature of Higher Level Supervisor | Date Signed (Month, Day, Year) |
|---|---|
| | |

18. Employee's Comments

| 19. Employee's Signature | Date Signed (Month, Day, Year) |
|---|---|
| | |

*For GS employees, a summary rating of Fully Successful is required to meet the acceptable level of competence for within-grade increases.

OPM Form 1659-B

EXHIBIT
PAGE 8 OF 14

U.S. Office of Personnel Management

## Performance Standards Form for OPM Employees

| 1. Employee's Name (Last, First, MI)<br>Kline, Valerie, NMI | 2. Effective Date of Standards<br>May 17, 2004 | 3.<br><br>Page    1   of  4 |
|---|---|---|
| Position Title, Series, and Grade<br>Management Analyst, GS-343-12 | 5. Name of Organization<br>CFAS, PMG | |

### I. PERFORMANCE STANDARDS

| 6. Performance Element          Is this a critical element?    [X] YES         [ ] NO | 6a. Check One |
|---|---|
| Performs a variety of special purpose studies/staff reviews in support of the Publications Management Group. | [ ] Proposed First Draft<br>[X] Final |

| STANDARDS | 12. RATING |
|---|---|
| | [ ] Unacceptable |
| **8. Minimally Successful**<br>Assignments are performed in a routine manner with appropriate fact gathering. Conclusions/recommendations occasionally need review by supervisor. Work generally performed in a timely manner. | [ ] Minimally Successful |
| **9. Fully Successful**<br>Studies and reviews are performed in a fully professional manner with careful research, proper documentation and appropriate conclusions. Incumbent works closely with staff office personnel in presenting analysis/recommendations and completes assignments in a timely manner. | [X] Fully Successful |
| **10. Exceeds Fully Successful**<br>Incumbent takes initiative to perform staff studies/analysis of group procedures/operation. Makes recommendations, after careful analysis, to supervisor for improvement in areas where incumbent has no direct responsibility. | [ ] Exceeds Fully Successful |
| **11. Outstanding**<br>As stated above and recommendations support major changes which are implemented within the Group.. | [ ] Outstanding |

| 13. Supervisor's Signature and Date Signed (Month, Day, Year)<br>*Willa M. Davis 11-28-2005* | 14. Employee's Signature and Date Signed (Month, Day, Year) |
|---|---|

### II. SUPERVISORY COMMENTS

15. Supervisory Comments On Performance

| 16. Supervisor's Signature and Date Signed (Month, Day, Year)<br>*Willa M. Davis 11-4-2004* | 17. Employee's Signature and Date Signed (Month, Day, Year)<br>*Employee refused to sign 11-4-2004* |
|---|---|

2/88) Page 1 of 2

OPM Form 1460-D(X) Part (Rev. 5-04)

EXHIBIT
PAGE    9   OF   14

U.S. Office of Personnel Management

## Performance Standards Form for OPM Employees

| 1. Employee's Name (Last, First, MI) | 2. Effective Date of Standards | 3. |
|---|---|---|
| Kline, Valerie, NMI | May, 17, 2004 | Page  2  of  4 |
| Position Title, Series, and Grade | 5. Name of Organization | |
| Management Analyst, GS-343-12 | CFAS, PMG | |

### I. PERFORMANCE STANDARDS

| 6. Performance Element         Is this a critical element?   [X] YES   [ ] NO | 6a. Check One |
|---|---|
| Assists the senior management analyst (PMG) in working with the Office of Communications and other OPM offices in managing, coordinating, reviewing, analyzing, and updating the OPM publications database, Visual Information System, Publications Inbox and FACA database. | [ ] Proposed First Draft  [X] Final |

| STANDARDS | 12. RATING |
|---|---|
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | [ ] Unacceptable |
| 8. Minimally Successful | [ ] Minimally Successful |
| In most instances systems are kept up-to-date and complaints about incorrect information being provided to the customer are rarely received. | |
| 9. Fully Successful | [X] Fully Successful |
| Systems are kept up-to-date.  Correct information is provided to the customer. | |
| 10. Exceeds Fully Successful | [ ] Exceeds Fully Successful |
| In addition to the above, assist in annual survey (publications database) and works with OPM offices to make sure that publication information is correct and is proactive in maintaining. | |
| 11. Outstanding | [ ] Outstanding |
| In addition to the above, continuously searches through the OPM Web site to find links to OPM publications and then works with OPM offices to add, revise, or delete publication information, as appropriate. | |

| 13. Supervisor's Signature and Date Signed (Month, Day, Year) | 14. Employee's Signature and Date Signed (Month, Day, Year) |
|---|---|
| *William M. Davis*  11-28-2005 | |

### II. SUPERVISORY COMMENTS

15. Supervisory Comments On Performance

*Publications in box not kept up it was necessary to remind Valerie on several occasions. Publications Data base was not kept up except for a brief period.*

| 16. Supervisor's Signature and Date Signed (Month, Day, Year) | 17. Employee's Signature and Date Signed (Month, Day, Year) |
|---|---|
| *William M. Davis*  11-4-2004 | *Employee refused to sign*  11-4-2004 |

2/88) Page 1 of 2

OPM Form 1460-B(OPF) (Rev.

EXHIBIT  A
PAGE  70  OF  74

U.S. Office of Personnel Management

**Performance Standards Form for OPM Employees**

| 1. Employee's Name (Last, First, MI) | 2. Effective Date of Standards | 3. |
|---|---|---|
| Kline, Valerie, NMI | May 17, 2004 | Page    3    of   4 |

| ...ition Title, Series, and Grade | 5. Name of Organization |
|---|---|
| ...anagement Analyst, GS-343-12 | CFAS, PMG |

**I. PERFORMANCE STANDARDS**

| 6. Performance Element          Is this a critical element?    ☒ YES    ☐ NO | 6a. Check One |
|---|---|
| Develops and maintains responsible working relationships with supervisors, managers, fellow employees, customers, peers and the general public. | ☐ Proposed First Draft ☒ Final |

| STANDARDS | 12. RATING |
|---|---|
| | ☐ Unacceptable |

| 8. Minimally Successful | ☒ Minimally Successful |
|---|---|
| Generally maintains good working relationships with OPM offices, co-workers, supervisors, managers, and the public. | |

| 9. Fully Successful | ☐ Fully Successful |
|---|---|
| Establishes and maintains good working relationships with OPM offices, co-workers, supervisors, managers, and the public. Contributes to positive working environment. Works cooperatively in group situations. Exhibits openness and objectivity to others' views. Treats co-workers with tact. Offers assistance and support to co-workers. Solicits peer feedback to improve service to the office and to improve own job performance. | |

| 10. Exceeds Fully Successful | ☐ Exceeds Fully Successful |
|---|---|
| In addition to Fully Successful, has effective working relations within and outside office that enhance the ...ce's ability to achieve its goal. | |

| 11. Outstanding | ☐ Outstanding |
|---|---|
| In addition to Exceeds Fully Successful, has highly effective working relations within and outside office that enhance the office's ability to achieve its goal. Often goes the extra mile in support of staff members or outside staff to help achieve organizational goals. Is highly effective in dealing with and helping to resolve conflict within office, and as needed outside of office to help accomplish necessary work. Deals very effectively with external stakeholders, in particular those who are very difficult to deal with. Is pro-active in sharing information with others inside and outside of office to enhance mutual understanding of work progress and goals. | |

| 13. Supervisor's Signature and Date Signed (Month, Day, Year) | 14. Employee's Signature and Date Signed (Month, Day, Year) |
|---|---|
| *Willie M. Pam 11-29-2005* | |

**II. SUPERVISORY COMMENTS**

15. Supervisory Comments On Performance

*Working relationship within our office has deteriorated with co-workers + supervisors.*

| 13. Supervisor's Signature and Date Signed (Month, Day, Year) | 14. Employee's Signature and Date Signed (Month, Day, Year) |
|---|---|
| *Willie M. Pam 11-4-2004* | *Employee refused to sign 11-4-2004* |

2/83) Page 1 of 2

OPM Form 1460-B(00) (Rev. ...

EXHIBIT
PAGE   11   OF   11

U.S. Office of Personnel Management

### Performance Standards Form for OPM Employees

| 1. Employee's Name (Last, First, MI)<br>Kline, Valerie, NMI | 2. Effective Date of Standards<br>May 17, 2004 | 3.<br>Page    4    of 4 |
|---|---|---|
| Job Title, Series, and Grade<br>Management Analyst, GS343-12 | 5. Name of Organization<br>CFAS, PMG | |

**I. PERFORMANCE STANDARDS**

| 6. Performance Element    Is this a critical element?    [X] YES    [ ] NO<br>Assists in coordinating and preparing OPM's regulatory actions. | 6a. Check One<br>[ ] Proposed First Draft<br>[X] Final |
|---|---|

| **STANDARDS** | **12. RATING** |
|---|---|
| ███████████████████████████████ | [ ] Unacceptable |
| 8. Minimally Successful<br><br>In most instances, reviews draft and final regulatory actions in a timely manner | [ ] Minimally Successful |
| 9. Fully Successful<br><br>In accordance with due dates reviews draft and final regulatory actions for compliance to GSA, OMB, and Federal Register requirements. Recommends appropriate actions to ensure completion by due dates. | [ ] Fully Successful |
| 10. Exceeds Fully Successful<br><br>As stated above with no complaints. Additionally, regulatory actions are prepared and submitted prior to the required time. | [X] Exceeds Fully Successful |
| 11. Outstanding<br><br>As stated above with commendations received from OPM offices and other agencies. | [ ] Outstanding |

| 13. Supervisor's Signature and Date Signed (Month, Day, Year)<br>*William M. Davis* 11-28-2005 | 14. Employee's Signature and Date Signed (Month, Day, Year) |
|---|---|

**II. SUPERVISORY COMMENTS**

15. Supervisory Comments On Performance

*Still learning ~~but~~ progress has been made but errors are still occurring*

| 13. Supervisor's Signature and Date Signed (Month, Day, Year)<br>*William M. Davis* 11-4-2004 | 17. Employee's Signature and Date Signed (Month, Day, Year)<br>*Employee refused to sign* 11-4-2004 |
|---|---|

2/88) Page 1 of 2

OPM Form 1460-B(2/98) (Rev.

EXHIBIT
PAGE  12  OF  14

Center for Equal Employment Opportunity

## EEO Counselor's Report

I. **Required Elements**
   **A. Aggrieved person:**

| | |
|---|---|
| Name: | **Valerie Kline** |
| Job Title | **Management Analyst** |
| Place of Employment: | **OPM** |
| Work Telephone: | **606-1411** | Home Telephone: |
| Home Address: | |

**B. Chronology of EEO Counseling:**

| | |
|---|---|
| Date of Initial Contact: | **11/17/05** |
| Date of Initial Interview: | **11/30/05** |
| Date of Alleged Discriminatory Event: | **October 27, 2005 and November 30, 2005** |
| 45th Day after Event: | |
| Reason for delayed contact beyond 45 days: | |
| Date of Final Interview | **December 14, 2005** |
| Date Counseling Report Requested: | |
| Date Counseling Report Submitted: | **December 19, 2005** |

**C. Basis(es) for Alleged Discrimination:**

*Attachment 2*

Center for Equal Employment Opportunity                                                    Page 2

☒ Race (specify)                              `White`
☐ Color (specify)
☐ National Origin (specify)
☒ Sex (specify)                               Female
☐ Age (date of birth)
☐ Mental Disability (specify)
☐ Physical Disability (specify)
☐ Religion (specify)
☒ Reprisal (identify earlier event           July 2005
   and/or opposed practice, give date)

**Aggrieved Issue(s):  Ms. Kline states that she received a "Fully Successful" Performance Appraisal, denied the opportunity to telework and she was sexually harassed by her Supervisor William Davis and she believes it is based on her sex (female), race (Caucasian) and her previous EEO activity.  She states that she was sexually harassed on November 28, 2005 by her Supervisor.  She further states that she believes she should have been rated higher on her Performance Appraisal she received on November 28, 2005.**

**D.  Remedy Requested:**

Complainant is requesting to telework, and an "Exceeds Fully Successful" Performance rating.

2

## F. EEO Counselor Checklist:

Was the aggrieved person advised in writing of the rights and responsibilities contained in the EEO Counselor's checklist? _____X_____ Yes _____No

Was the aggrieved advised of OPM's ADR Program? ____X____Yes _____No

Did employee elect ADR? _____ Yes ____X____ No

## II.    Informal Fact Gathering:

1. Detailed summary of interview with aggrieved person:

I met with Ms. Valerie Kline on November 30, 2005 and she states that her Supervisor Mr. William Davis (male) denied her to telework. She states that she was allowed to telework for a 90 day trial period based on an agreement made by the union in "2004" when she filed her grievance. Ms. Kline states that after the 90 day trial period management was to inform her of whether she could continue to telework. She states that William Davis informed her that he was not going to approve her to telework and he did not provide her with a reason for the denial. Ms. Kline further states that she could perform the essentials of her job from home and she states that her co-worker Ms. Jackie Carter (Black) works from home. She states that she performs the same job functions as Ms. Carter. Ms. Kline states that she is using Family Medical Leave at present to take care of her ill mother and she has to use leave without pay. Ms. Kline states that she can't understand why she is denied the opportunity to work from home and Management approved Ms. Carter to work from home to take care of her ill husband. She states that she believes the denial to work from home is based on her sex, race and her previous EEO activity.

3

Ms. Kline states that she is dissatisfied with her Performance Appraisal she received on November 28, 2005. She states that she should have been rated as "Fully or Exceeds" and not "Minimally Satisfactory" in the elements of "Systems kept up-to-date and Working relationships". Ms. Kline also states that when she received her Performance Appraisal her Supervisor Mr. William Davis (White) stared at her breast and she believes that she was sexually harassed. She states that she has a witness but she did not want to release the name of the individual.

2.   Detailed summary of interview with  Management Officials:

### William Davis, (Chief, Publishing Services Center, (Male), (White)

### Interview date: December 8, 2005

I met with Mr. William Davis on December 8, 2005 in regards to Ms. Kline. Mr. Davis states that he denied Ms. Kline to work from home because she was not completing her assignments. Mr. Davis states that Ms. Kline is assigned to assist Mr. Coco. He states that she was not answering the phones, assisting customers, publishing products, printing procurement and working with print shops when she worked from home. He states that these tasks were not getting done and this was his reason for the denial of telecommuting. Mr. Davis states that Ms. Carter is allowed to telecommute because she can perform the essentials of her job from home. He states that he did not approve Ms. Carter to work from home to take care of her ill husband because that would be against the telecommute policy. Mr. Davis states that he rated Ms. Kline correctly with regards to her Performance Appraisal. He states that in the elements of "Systems kept up-to-date and Working relationships" He states with regards to "Systems kept up-to-date", he would have to remind her about the publications in the in-box and she did not keep the publications database current. He states with regards to "Working Relationships", her working relationship had deteriorated with co-workers and supervisors. He states that the co-workers in the office are afraid to talk with her and he has received complaints about Ms. Kline from the Print shop. Mr. Davis states with regards to the sexual harassment allegation he is denying the accusation. He states that he is not discriminating against Ms. Kline.

Detailed summary of interview with witnesses:

    N/A

2.   Documents reviewed:
**Performance Appraisal dated November 28, 2005**

3.   List of documents attached:
**TAB 1 -  Performance Appraisal dated November 28, 2005**

*4*

4.  Summary of Final Interview:

I conducted the final interview with Ms. Kline on December 14, 2005. I informed the aggrieved of the full scope of my inquiry and the reason(s) articulated by management for the action(s) taken. I met with her to give the Notice of Right to File a Formal Complaint, and OPM Form 1580, Formal Complaint of Discrimination on December 14, 2005. I advised the Complainant of the requirement to file a formal complaint within 15 calendar days of the final interview.

III.  **Summary of Informal Resolution Attempts**

A.  **If the Counselor attempted resolution:**

1.  List personal contacts made:

**N/A**

2.  Give summary of informal resolution attempt(s).

B.  **If aggrieved opted for ADR, Counselor's statement that the ADR process was fully explained to the aggrieved individual/summary of information given to the aggrieved individual and the agency by the Counselor.**

**N/A**

Center for Equal Employment Opportunity

Page 6

**IV.** **Was counseling conducted within the required 30-day period?** <u>No</u> **If not, was extension requested and approved?** __X__ **Yes** _____ **No**

**V.** **Provide any supplemental information here (if necessary).**

**N/A**

Type or
Print
Name:

LaShonn M. Woodland
Name of EEO Counselor

(202) 606-3134
Telephone Number

**1900 E Street, NW Room 6460**

**Washington, DC 20415**

Office Address

Signature: 
EEO Counselor

December 19, 2005
Date



# RECEIPT OF NOTICE OF RIGHTS AND RESPONSIBILITIES

☐ I wish to remain anonymous during counseling     Date _____

☒ I waive my right to anonymity during counseling     Date _____11/30/05_____

Acknowledgment of receipt. By signing below, I acknowledge that I have received a copy of this Notice of Rights and that my EEO counselor has discussed my rights and responsibilities with me.

_Valerie Kline_
Name of Complainant _____

_Valerie Kline_ _____     11/30/05
Signature of Complainant                              Date

_LaShonn Woodland_
Name of Counselor (Printed) _____

_LaShonn Woodland_ _____     11/30/05
Signature of Counselor                                 Date

***To EEO Counselor:  Retain original of this Notice and provide the Complainant a copy. Submit the original to the EEO Office along with the EEO Counselor's Report.***

## Privacy Act Statement

The information on this form is collected pursuant to 29 U.S.C. 205(d), 633(a), 791 and 194a; 42 U.S.C. 2000e-16; E.O. 11478, 3 CFR, 1969 Comp., p. 133, E.O. 12106, 3 CFR, 1978 Comp., p. 263; and 29 CFR part 1614. The information is used primarily in the processing of Equal Employment Opportunity (EEO) complaints. The information may be disclosed to appropriate Federal, State, or local agencies when relevant to civil, criminal, or regulatory investigations or prosecutions; in judicial or administrative proceedings; to congressional offices; and to authorized officials involved in investigation or settlement of EEO grievances, complaints, and appeals. The information is given voluntarily.  Failure to provide the information may delay or prevent the processing of the complaint.

CEEO Form (Revised February 2005)



REDACTED

**BASIS FOR THE INVESTIGATION**

In addition, Ms. Kline stated that she is only provided four (4) hours worth of work per week and thus she visited the Internet.

REDACTED

Ms. Kline visited numerous websites on a daily basis for great lengths of time

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VALERIE KLINE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case Number:** |
| **v.** ) | **1:07-CV-451 (JR)** |
| ) | |
| **LINDA M. SPRINGER, DIRECTOR** ) | |
| **United States Office of Personnel** ) | |
| **Management,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## DEFENDANT'S SURREPLY

1.  In Plaintiff's reply to Defendant's Opposition, Plaintiff contends that Mr. Davis's November 28, 2005 "fully successful" rating was made after Mr. Davis discovered that Ms. Kline had engaged in protected activity by calling the EEO Office on November 17, 2005, and, therefore, could have served as the basis of a retaliation claim by Mr. Davis.  *See* Pl's Reply at 3.  Ms. Kline's argument is without foundation.  As provided in the attached declaration, Ms. Kline's October 17, 2005, telephonic communication with the OPM's EEO Office was maintained in confidence until November 30, 2005, when she signed a form waiving her anonymity.  Attachment 1 at ¶ 3.  Therefore, her supervisor, Mr. Davis, could not have had knowledge of Ms. Kline's initial EEO activity when he signed her 2005 rating on November 28, 2005.  Accordingly, Plaintiff's arguments that the November 17, 2005, counseling contact is the basis for her retaliation claim are without merit.

2.  Similarly without merit are Plaintiff's complaints that her 2005 "fully successful"

rating was unfair.  Plaintiff's arguments that her work was "outstanding" are undercut by her

own admission that she spent significant amounts of time surfing the Internet.  Plaintiff's

admitted Internet usage is also confirmed by a recently completed Office of Inspector General

("OIG") Report that plaintiff spent "great lengths of time" visiting "numerous websites on a

daily basis."  <u>See</u> OIG Investigative Report, Attachment 2 at p. 4.  Indeed, during the conduct of

the OIG investigation, Plaintiff admitted that she worked only four (4) hours a week.  *Id.*.[1]

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


_____/s/_____
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

---

[1]In light of the nature of the OIG investigation and the charges asserted against Ms. Kline, which themselves have no bearing on this litigation, Defendant will move separately to file the OIG report under seal.  Only two sentences containing information that she was working only four hours each week and spending great lengths of time on the Internet is being placed on the public record.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **VALERIE KLINE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case Number:** |
| **v.** | ) | **1:07-CV-451 (JR)** |
| | ) | |
| **LINDA M. SPRINGER, DIRECTOR** | ) | |
| **United States Office of Personnel** | ) | |
| **Management,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## <u>ORDER</u>

Upon consideration of Defendant's unopposed Motion for Leave to File a

Surreply, and for good cause, it is this _____ day of _____,

2008

ORDERED, that said motion is granted.

_____
UNITED STATES DISTRICT COURT